## 19672

Marie Harriet JEFFCOAT, Appellant; v. Ora J. CAINE, James L. King, and South Carolina Baptist Hospital, Inc., of whom South Carolina Baptist Hospital, Inc., is, Respondent.

(198 S. E. (2d) 258)

*Messrs. Irvin D. Parker* and *James B. Richardson, Jr.,* of Columbia, *for Appellant,* cite:

*Wilburn Brewer, Jr., Esq.*, of *Nexsen, Pruet, Jacobs & Dallis*, Columbia, *for Respondent*, cites:

August 2, 1973:

LEWIS, Justice:

The question to be decided is whether the defend-ant-respondent, South Carolina Baptist Hospital, admittedly a charitable institution, is exempt, under

the doctrine of charitable immunity, from liability for an intentional act of false imprisonment committed by its employees. The issue is before the Court on appeal by plaintiff-appellant from an order of the lower court granting summary judgment in favor of respondent on the ground of charitable immunity.

It is undisputed in this appeal that the complaint states a cause of action for false imprisonment, for which, if proved, respondent would be liable unless exempted from liability because of its status as a charitable institution. We are not therefore concerned with the particular facts and circumstances, but only with the legal issue of whether respondent is exempted under the charitable immunity doctrine from liability for an intentional act of false imprisonment.

The doctrine of charitable immunity was apparently first recognized in this State in *Lindler v. Columbia Hospital*, 98 S. C. 25, 81 S. E. 512. The action in that case was by a patient for damages alleged to have been sustained through the negligence of a nurse employed by the hospital, a charitable institution. The Court, in exempting the hospital from liability, stated the applicable rule and its basis as follows:

"The true ground upon which to rest the exemption from liability is that it would be against public policy to hold a charitable institution responsible for the negligence of its servants, selected with due care."

It is evident that the Court, in *Lindler*, did not intend to fashion a rule of complete exemption from *tort* liability; for it was careful to point out that the question of whether a charitable institution "would be liable for negligence in the selection of its servants without due care is not before the court for consideration."

The Court next considered the doctrine of charitable immunity in the case of *Vermillion v. Woman's College* of Due West, 104 S. C. 197, 88 S. E. 649. Plaintiff was injured when the balcony of defendant's auditorium fell during the progress of an entertainment. Action was brought

on the theory that the balcony fell because of negligence in construction. The decision in this case affirmed the holding in *Lindler* that charitable institutions were exempt from liability for the negligent conduct of their agents and, in addition, held that such exemption from liability for the acts of their agents applied "whether these be selected with or without due care." The case was remanded, however, for a new trial and, upon appeal after a retrial, judgment for defendant was affirmed. 111 S. C. 156, 97 S. E. 619.

Subsequently, in *Peden v. Furman University,* 155 S. C. 1, 151 S. E. 907, the Court refused to extend the immunity doctrine so as to exempt a charitable institution from liability for trespass and nuisance arising out of the activity of a lessee.

The Court also refused to extend immunity to the commercial activities of a charity in *Eiserhardt v. State Agricultural and Mechanical Society of South Carolina,* 235 S. C. 305, 111 S. E. (2d) 568. That was an action for damages allegedly sustained as a result of stepping into a hole in a parking lot controlled and operated by the defendant. The operation of the parking lot was a commercial venture and the Court held that immunity should not be extended "to a situation where the activity out of which the alleged liability arose is primarily commercial in character and wholly unconnected with the charitable purpose for which the corporation was organized," even though the commercial activity was for the purpose of increasing the fund to be used for the charity.

We applied the rule adopted in *Lindler* and *Vermillion* to exempt a church from liability for negligence in *Decker v. Bishop of Charleston,* 247 S. C. 317, 147 S. E. (2d) 264.

The foregoing are the prior decisions of this Court, which are relevant to the present inquiry. There can be no doubt that the decisions in *Lindler, Vermillion,* and *Decker* contain broad general expressions to the effect that charitable instititions are exempt from all *tort* liability. However, the

broad statement of a rule of complete exemption from *tort* liability was unnecessary to a decision in those cases, and the rule of charitable immunity has never been extended by our decisions beyond the facts in *Lindler, Vermillion,* and *Decker.* In fact, in *Eiserhardt* the immunity doctrine did not exempt the charity from liability for the negligent operation of a commercial enterprise and in *Peden,* liability was placed upon the charity for trespass and the creation of a nuisance.

These decisions point up the fact that this Court, while adhering in the past to the rule that charitable institutions are exempt from liability for mere negligence, has in every instance refused to further extend the rule. Therefore, the application of the immunity doctrine in a case of intentional *tort* is not required by precedent, nor, we conclude, by reason or justice.

A long discussion of the charitable immunity doctrine is unnecessary. It is sufficient to point out that it has been subject to much criticism in recent years and considered by an increasing number of courts and writers as unsupportable under modern conditions. See: 7 S. C. L. Q. 443; 19 S. C. L. Q. 191; 20 S. C. L. Q. 2; Prosser, Law of Torts, 4th ed., Section 133, p. 992; Annotation 25 A. L. R. (2d) 29.

Regardless of the public policy support, if there now be such, for a rule exempting a charity from liability for simple negligence, we know of no public policy, and none has been suggested, which would require the exemption of the charity from liability for an intentional *tort;* and we refuse to so extend the charitable immunity doctrine.

The judgment of the lower court is accordingly reversed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.