## 20421

Dale P. CROWLEY, Respondent, v. BOB JONES UNIVERSITY, Appellant.
Grace CROWLEY, by her Guardian ad Litem Dale P. Crowley, Respondent, v. BOB JONES UNIVERSITY, Appellant.
(234 S. E. (2d) 879)

*Messrs. Love, Thornton, Arnold & Thomason, and Leatherwood, Walker, Todd & Mann, for Appellant,*

*Messrs. Pyle & Pyle,* of Greenville, *and Cook, Choi & Yuda,* of Hilo, Hawaii, *for Respondents,*

*Ronald L. Motley, Esq., of Blatt, Fales, Bedingfield, Loadholt, Poole & Motley, For the South Carolina Trial Lawyers Amicus Curiae Committee,*

May 10, 1977.

RHODES, Justice:

This appeal is from an Order granting the plaintiff's Demurrer to the defense of charitable immunity contained in the defendant's Answer. We reverse and remand.

The Complaint alleges that the minor plaintiff, Grace Crowley, sustained injuries to her right eye while performing required duties as a student at Bob Jones Academy, an elementary and secondary school for grades one through twelve owned and operated by the defendant in Greenville County. Additionally, the plaintiff maintains that the failure of the defendant to provide timely and competent medical treatment for the plaintiff resulted in the effective loss of vision in the eye. The Complaint alleges that the acts and omissions of the defendant constituted "gross and willful negligence, recklessness and carelessness", and were a proximate cause of the injuries.

The defendant, in its Answer, denied the material allegations of the Complaint and asserted the defense of contributory negligence and recklessness on the part of the minor plaintiff. As a third defense, the defendant interposed the doctrine of charitable immunity.

The plaintiff demurred to the defense of charitable immunity on two grounds: (1) the Answer fails to set forth facts showing that the defendant is an eleemosynary institution entitled to avail itself of the charitable immunity doctrine; and (2) the doctrine does not extend, in this State, to cases involving "gross negligence, recklessness and willfulness". The Demurrer was sustained by the circuit judge on the ground that the charitable immunity defense does not extend to cases involving gross negligence, recklessness or willfulness. The court declined to rule upon the first ground set forth in the Demurrer, maintaining that it was unnecessary to do so.

Four years ago we held that the doctrine of charitable immunity is not a valid defense to the commission of an intentional tort. *Jeffcoat v. Caine,* 261 S. C. 75, 198 S. E. (2d) 258 (1973). In the case now before us, the trial judge incorrectly interpreted *Jeffcoat* to hold that the doctrine of charitable immunity is an applicable defense only in cases of simple or mere negligence. This was not our holding in *Jeffcoat.* Under the rationale of that case, if the plaintiff can prove that the defendant has committed an intentional tort, then the plaintiff may recover damages despite the fact that the defendant is a charitable or eleemosynary institution. Thus, in the instant case, it was error for the trial judge to have granted the Demurrer.

Even assuming that the interpretation which the trial judge gave to *Jeffcoat* were correct, his action in sustaining the Demurrer would, nonetheless, still require reversal. "It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleading under attack, and all of the factual allegations thereof that are properly pleaded are . . . deemed admitted." *Gordon v. Fidelity & Casualty Co. of N. Y.,* 238 S. C. 438, 120 S. E. (2d) 509 (1961). The pleading under attack here is the Answer (particularly, the third defense contained therein), and not the Complaint. In sustaining the Demurrer, the trial court

effectively construed the Complaint in such a way as to assume that the allegations of willfulness and recklessness had been established by the plaintiff. Such an assumption is manifestly erroneous, since the plaintiff has not yet proved any of her allegations.

As an additional ground for sustaining the trial court's Order, the plaintiff argues that the third defense in the Answer fails to set forth facts showing that the defendant is an eleemosynary institution entitled to assert the doctrine of charitable immunity as a defense.

A claim by a charitable corporation of immunity from tort liability is an affirmative defense. In an action against such a corporation, its true nature may be shown from the manner in which it conducts its business as well as from its articles of incorporation. However, the defendant's charter alone is not conclusive of charitable status. On a trial of the case, any competent evidence may be offered with respect to the actualities of its operations. *Eiserhardt v. State Ag. and Mech. Soc. of S. C.*, 235 S. C. 305, 111 S. E. (2d) 568 (1959).

Furthermore, a litigant is required to plead "ultimate facts", that is, the facts which evidence upon trial will prove, and not the evidence necessary to prove those facts. *Stroud v. Riddle,* 260 S. C. 99, 194 S. E. (2d) 235 (1973). In its third defense, the defendant alleges that it "is an eleemosynary corporation created for charitable and benevolent purposes . . ." This allegation is an ultimate fact and was properly pled by the defendant. As such it is not demurrable. *Stroud v. Riddle, supra.*

We granted the palintiff's Petition, filed pursuant to Rule 8, §10 of the Rules of this Court, to review the decisions in this jurisdiction with respect to the defense of charitable immunity. However, we feel that the present posture of this case does not justify its use for considering a change in the existing law of the doctrine as applied to an institution of the

type involved in this action. We do not think that so far-reaching an issue should be determined merely upon the pleadings of the parties in the instant suit. *Sams v. Sams,* 247 S. C. 467, 148 S. E. (2d) 154 (1966). In the present state of the record, this Court has before it only the Complaint and the Answer. To attempt to modify or abrogate prior decisions of this Court on such a meager record would be unwise and is not warranted.

Although there are two suits involved in this appeal, the suit by Dale P. Crowley is a derivative action for his damages resulting from the alleged injuries to his daughter. Counsel for both parties have agreed that the case of Dale P. Crowley will be bound by our decision in the minor plaintiff's case. We hold that the circuit judge erroneously granted the plaintiff's Demurrer and that the case should be remanded for further proceedings in order to present a fuller record for review.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.