20706

Merle D. HYDER, as Administrator of the Estate of Michael D. Hyder, a minor, Deceased, Appellant, v. Euell D. JONES, II, as Administrator of the Estate of Barbara M. Hyder, Deceased, Respondent.

(245 S. E. (2d) 123)

*Dowling, Dowling, Sanders & Dukes,* Beaufort, and *Ham & Richardson,* Columbia, *for appellant.*

*Levin & Sams,* Beaufort, *for respondent.*

June 6, 1978.

GREGORY, Justice.

This wrongful death action was brought by appellant Merle D. Hyder as Administrator of the Estate of Michael D. Hyder, a minor, against respondent, Euell D. Jones, II, as Administrator of the Estate of Barbara M. Hyder, Michael's mother. At issue is whether Section 15-5-210, 1976 Code of Laws of South Carolina, abrogates the doctrine of parental immunity with respect to automobile accidents that occurred before its effective date. The lower court held the statute operates prospectively only and granted respondent's motion for summary judgment. We affirm.

On October 9, 1972, Michael D. Hyder, the minor son of Merle and Barbara Hyder, was killed when the automobile driven by Mrs. Hyder left the road and struck a tree. Mrs.

Hyder was also killed. Appellant initiated this action for wrongful death in May 1976.

Until the enactment in 1974 of Section 15-5-210, 1976 Code, it was settled that an unemancipated child had no right of action against his parent for injuries caused by the parent's negligence, recklessness, willfulness and wantonness. *Gunn v. Rollings,* 250 S. C. 302, 157 S. E. (2d) 590 (1967). This same doctrine was held to preclude a suit for wrongful death by the child's administrator against the parent's estate. *Maxey v. Sauls,* 242 S. C. 247, 130 S. E. (2d) 570 (1963).

Section 15-5-210 abrogates the immunity doctrine in personal injury actions arising out of automobile accidents and provides as follows:

An unemancipated child may sue and be sued by his parents in an action for personal injuries arising out of a motor vehicle accident. In any such action there shall be appointed a guardian *ad litem* as provided by law for such child.

The only question presented by this appeal is whether Section 15-5-210 operates retroactively and applies to automobile accidents that occurred before the statute's effective date, July 9, 1974. The lower court held the section does not operate retroactively and granted respondent's motion for summary judgment.

On appeal from an order granting respondent's motion for summary judgment this Court will review the evidence and all inferences therefrom in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and further inquiry into the facts is not desirable to clarify the application of the law. *Parker v. Williams & Madjanik, Inc.,* S. C., 239 S. E. (2d) 487 (1977).

In the construction of statutes there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation

unless there is a specific provision or clear legislative intent to the contrary. *Neel v. Shealy,* 261 S. C. 266, 199 S. E. (2d) 542 (1973). No statute will be applied retroactively unless that result is so clearly compelled as to leave no room for reasonable doubt:

. . . the party who affirms such retroactive operation must show in the statute such evidence of a corresponding intention on the part of the Legislature as shall leave no room for reasonable doubt. It is not necessary that the Court shall be satisfied that the Legislature did not intend a retroactive effect. It is enough, if it is not satisfied that the Legislature did intend such effect. *Ex Parte Graham,* 47 S. C. Law (13 Rich. Law) 53 at 55-56 (1864). See also: *Pulliam v. Doe,* 246 S. C. 106, 142 S. E. (2d) 861 (1965).

Section 15-5-210 contains no specific provision mandating retroactive application, and we are unable to glean any legislative intention from the statute other than that of prospective application. Nothing specifically contained or necessarily implied in the statute overcomes the ordinary presumption of prospective application that attaches to each Act of the Legislature.

Appellant next contends Section 15-5-210 is remedial or procedural in nature and as such is outside the ordinary presumption of prospective application. This exception for remedial or procedural statutes is generally considered inapplicable, however, to a statute that supplies a legal remedy where formally there was none. 82 C. J. S. Statutes § 418.

As stated for the Court of Appeals of New York by then Associate Judge Benjamin N. Cardozo in *Jacobus v. Colgate,* 217 N. Y. 235, 111 N. E. 837 (1916):

The general rule is that statutes are to be construed as prospective only. It takes a clear expression of the legislative purpose to justify a retroactive application. Changes of procedure—*i. e.,* of the form of remedies—are said to con-

stitute an exception, but that exception does not reach a case where before the statute there was no remedy whatever. To supply a remedy where previously there was none of any kind is to create a right of action. 111 N. E. at 838-839 (citations omitted).

At the time of the accident that caused Michael's death, "he had no right of action against his parent for personal injuries." *Maxey v. Sauls, supra.* Whether we view Section 15-5-210 as creating a new cause of action or simply removing a bar to an existing cause of action, the statute supplies a remedy where formerly there was none. To this extent Section 15-5-210 effects more than a remedial or procedural change to the long standing doctrine of parental immunity and is not exempt from the presumption of prospective application.

Accordingly, the order of the lower court granting respondent's motion for summary judgment is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.