## 21065

Virginia Elaine DOUGLASS, Appellant, v. FLORENCE GENERAL HOSPITAL, Respondent.

(259 S. E. (2d) 117)

*Harold W. Jacobs* and *Charles Molony Condon,* both of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for Appellant.*

*Saunders M. Bridges, Jr.* of *Bridges, Bridges & Orr,* Florence, *for Respondent.*

October 10, 1979.

GREGORY, Justice:

Appellant Virginia Elaine Douglass brought this action against respondent Florence General Hospital (Hospital) seeking actual and punitive damages for personal injuries she sustained while a patient in the Hospital. This appeal is from the order of the lower court dismissing the complaint on the ground the Hospital is protected by charitable immunity.

On or about December 4, 1974, appellant was admitted to the Hospital as a patient for the treatment of pancreatitis. An employee of the Hospital gave her an injection in her right buttock, but improperly inserted the needle directly into the sciatic nerve allegedly causing appellant to suffer excruciating pain, paralysis, and permanent disability to her right leg. This action was initiated by appellant against the Hospital for actual and punitive damages in April 1976. At all times relevant to this action the Hospital had in force a comprehensive policy of hospital insurance.

The complaint sets forth three causes of action. First, the complaint alleges a cause of action for gross negligence and

recklessness. Second, the complaint alleges an intentional tort consisting of an assault and battery arising from the performance of the injection without informed consent. Third, the complaint alleges a cause of action based on the breach of an implied warranty.

The Hospital answered the complaint and asserted the doctrine of charitable immunity by way of an affirmative defense. Appellant moved to strike the defense of charitable immunity, and the Hospital moved to dismiss the complaint on the ground the action was barred by charitable immunity. By order dated September 25, 1978 the lower court denied appellant's motion to strike, and granted the Hospital's motion to dismiss the complaint. This appeal followed.

In *Brown v. Anderson County Hospital Association,* 268 S. C. 479, 234 S. E. (2d) 873 (1977) the majority opinion of this Court recently held that charitable hospitals are liable for their heedless and reckless torts:

We . . . hold that anyone injured through tortious acts of commission or omission of the agents, servants, employees or officers of a charitable hospital in this State may recover damages against such hospital, if the aggrieved party can establish that the injuries occurred because of the hospital's heedlessness and reckless disregard of the plaintiff's rights. 234 S. E. (2d) at 876-877.

One month after the opinion in *Brown* was filed, the Governor signed into law Act No. 182 of the 1977 Acts of the General Assembly. The portion of Section 3 of Act No. 182 of 1977 that is pertinent to this opinion reads as follows:

The doctrines of charitable and sovereign immunity as they relate to hospitals and other medical facilities in this State are hereby modified to the extent that any person sustaining an injury or dying by reason of the tortious act of commission or omission of agents, servants, employees or officers of a charitable hospital or medical facility or of a hospital or other medical facility operated or funded by the

State, its agencies, departments, institutions, commissions, boards or political subdivisions may recover in any action brought against such hospital or other medical facility for such actual damages as he may sustain a sum not exceeding one hundred thousand dollars.

The above quoted portion of Section 3 Act No. 182 of 1977 is presently codified as a portion of Section 44-7-50, 1978 Cum. Supp.

Appellant initiated this action prior to both the filing of *Brown* and the enactment of Section 44-7-50.[1] This appeal does not challenge the correctness of the majority opinion in *Brown,* but is aimed solely at securing the retroactive application of either *Brown* or Section 44-7-50, or both.

The lower court found that Section 44-7-50 operates prospectively only, and quoted extensively from our recent decision in *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978) as supportive of that finding. We are of the view that the reasoning expressed in *Hyder* disposes of this issue without the need for further consideration in this opinion and we hold that the lower court correctly found that Section 44-7-50 operates prospectively only. See also *Teague v. Cherokee County Memorial Hospital,* S. C. 252 S. E. (2d) 296 (1979).

The lower court also found that *Brown* operated prospectively only. This finding was based on the following portion of the majority opinion in *Brown:*

We are aware that hospitals in this State have acted in reliance upon the old rule of charitable immunity and may not have taken steps to protect themselves with adequate liability insurance. Therefore, we follow the procedure of other states, such as North Carolina, and hold that *the modification of the doctrine of charitable immunity, as set forth in this opinion,*

---

[1] Appellant was injured after the plaintiff in *Brown* was injured, and her action was pending in the lower court when the opinion in *Brown* was filed.

*applies only to this case and to those causes of action arising after the filing of this opinion, May 10, 1977.* See *Rabon v. Rowan Memorial Hospital, Inc.*, 269 N. C. 1, 152 S. E. (2d) 485 (1967). 234 S. E. (2d) at 877. (Emphasis added.)

Appellant argues that the condition upon which *Brown* was made applicable only to cases arising after May 10, 1977 is not met in this case because the Hospital was protected by adequate liability insurance at the time of her injury.

In *Decker v. Bishop of Charleston,* 247 S. C. 317, 147 S. E. (2d) 264 (1966) we held "that the procurement by a charitable organization of liability insurance does not create liability in instances in which such organization is immune from liability." Thus, at the time of appellant's injury the Hospital was immune from liability for its heedless and reckless torts even though it was protected by adequate liability insurance. The prospective application of *Brown* is not only consistent with the holding in *Decker,* but is also required by the nature of the changes wrought by the majority opinion in *Brown* upon the doctrine of charitable immunity as it relates to hospitals in this State. Since the majority opinion in *Brown* created a liability where formerly there was none, *Crowley v. Bob Jones University,* 268 S. C. 492, 234 S. E. (2d) 879 (1977), *Brown* must be applied prospectively only, *Hyder v. Jones, supra.* The lower court correctly refused to apply *Brown* retroactively. See also: *Terry v. Boy Scouts of America, Inc.,* 471 F. Supp. 28 (D. S. C. 1978) aff'd, 598 F. (2d) 616 (4th Cir. 1979); and *Peters v. McCalla,* 461 F. Supp. 14 (D. S. C. 1978).

Appellant also contends the lower court erred by dismissing her second cause of action which alleges an intentional tort consisting of an assault and battery arising from the performance of the injection without informed consent. Assuming the truth of these allegations, as we must, *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184 (1967), the complaint clearly

states a cause of action based on an intentional tort. The cause of action may ultimately prove to be one sounding in either simple negligence or heedlessness and recklessness in which event the action will be barred, but this issue can only be decided in the light of the facts and circumstances surrounding the performance of the injection. The complaint states a cause of action based on an intentional tort for which the Hospital is not immune, *Jeffcoat v. Caine*, 261 S. C. 75, 198 S. E. (2d) 258 (1973); *Brown v. Anderson County Hospital Association, supra,* and the lower court erred by dismissing the complaint as to this cause of action.

Appellant did not appeal from the order of the lower court dismissing the third cause of action alleged in her complaint.

· Accordingly, the order of the lower court is affirmed in part, reversed in part, and remanded for further proceedings under the second cause of action alleged in the complaint.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and LITTLEJOHN and RHODES, JJ., concur.

NESS, J., concurs and dissents.

NESS, Justice (concurring and dissenting):

I concur in that portion of the majority opinion which reverses the lower court's dismissal of appellant's second cause of action and remands for further proceedings under that cause of action. However, in accordance with my opinion in *Brown v. Anderson County Hospital Association*, 268 S. C. 479, 488, 234 S. E. (2d) 873, 877 (1977) (dissenting opinion), I dissent to that portion of the majority opinion which affirms the lower court's dismissal of appellant's first cause of action.