21658

Faye BOYD, Appellant, v. L. Elton BOYD, Repondent.
(289 S. E. (2d) 152)

*John R. Clarke,* North Myrtle Beach, *for appellant.*

*Eldridge R. Inman,* Conway, *for respondent.*

March 3, 1982.

NESS, Justice:

Appellant, Faye Boyd, appeals the denial of her request for equitable division of real property owned by respondent at the time the parties were divorced. The trial court concluded appellant failed to establish an interest in the lands. We agree and affirm.

The parties obtained a divorce in 1977. The divorce decree did not address the division of real property, as it did not have jurisdiction to decide issues involving real property division without the parties' consent.

Appellant filed this action in circuit court six days after obtaining the divorce, seeking a resulting trust in the land. Nearly two and a half years later appellant amended her petition to include the issue of equitable division, and the case was transferred to the Family Court.

Appellant seeks an interest in the land based on the fact she worked throughout the marriage and placed her earnings in a joint account which, she contends was used by respondent to pay the mortgages on the properties.

Appellant's exceptions alleging a resulting trust in the land were abandoned at oral argument. We address the remaining exceptions even though they are improper under Supreme Court Rule 4, § 6 in failing to contain a complete assignment of error. *Diamond v. Powell,* 271 S. C. 183, 246 S. E. (2d) 233 (1978).

The wife seeks an interest in the land under the theory of equitable distribution.

Section 14-21-10120, Code of Laws of S. C. (1976) as amended, gives the Family Court the authority, "in actions for divorce—separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in such actions—."

Appellant asserts this new statute operates retroactively and applies to marital litigation which occurred before the statute's effective date.

In the construction of statutes there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision or clear legislative intent to the contrary. *Hercules, Inc. v. S. C. Tax Commission,* 274 S. C. 137, 262 S. E. (2d) 45 (1980). "No statute will be applied retroactively unless that result is so clearly compelled as to leave no room for reasonable doubt. . ." *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 at 125 (1978).

Section 14-21-1020 contains no specific provision mandating retroactive application and we are unable to glean any legislative intention from the statute other than that of prospective application.

Appellant next argues § 14-21-1020 is remedial and is an exception to the general rule. This exception, however, is not applicable to a statute that supplies a legal remedy where formerly there was none. *Hercules, Inc. v. S. C. Tax Commission, supra; Hyder v. Jones, supra.*

At the time of their divorce, the wife had no cause of action against the husband for equitable distribution of real property. Whether we view § 14-21-1020 as creating a new cause of action or simply removing a bar to an existing cause of action, the statute supplies a remedy where formerly there was none. To this extent § 14-21-1020 effects more than a remedial or procedural change to the long standing doctrines concerning dissolution of property

rights on divorce, and is not exempt from the presumption of prospective application.

We hold the wife has no interest in the lands and affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.