22059

Dane Louis HUPMAN, Plaintiff, v. ERSKINE COLLEGE; Dr. Charles H. Carlisle; Jerry Wilton Hall; Lyles, Bissett, Carlisle & Wolfe, Architects; Holman Construction Company, Inc.; Webb Electric Company; ITT Hoffman Specialty, a Division of ITT Fluid Handling, a division of International Telephone and Telegraph Corporation; and James M. Pleasant Company, Defendants.

(314 S. E. (2d) 314)

Supreme Court

*J. Kendall Few,* Greenville, *for plaintiff.*

*James D. Brice* and *John P. Britton,* of *Rainey, Britton, Gibbes and Clarkson,* Greenville, *for defendants Dr. Charles H. Carlisle, et al.*

*Joseph E. Major,* of *Leatherwood, Walker, Todd and Mann,* Greenville, *for defendant Lyles, Bissett, Carlisle & Wolfe.*

*William M. Grant, Jr.,* of *Haynesworth, Perry, Bryant, Marion and Johnstone,* Greenville, *for defendant ITT Hoffman.*

*Theron C. Cochran,* Greenville, *for defendant James M. Pleasant Co.*

*Michael D. Glenn,* of *McIntosh, Threlkeld, Glenn and Sherard,* Anderson, *for defendant Webb Electric Co.*

*Cary C. Doyle,* Anderson, *for defendant Holman Construction.*

Heard Jan. 9, 1984.

Decided March 20, 1984.

LITTLEJOHN, Justice:

This case comes before us as a certified question from the United States District Court, District of South Carolina, pursuant to Supreme Court Rule 46.

The question presented is as follows:

> Does the abrogation of the doctrine of charitable immunity announced in *Fitzer v. Greater Greenville, S. C. Young Men's Christian Association,* 277 S. C. 1, 282 S. E. (2d) 230 (1981) apply retroactively?

This case arises from an injury to a student at Erskine College, who was severely burned in a shower on November 21, 1980.

Suit was filed March 14, 1982. One defendant, Erskine College, has raised the defense of charitable immunity. This defense was abolished in its entirety ten months after the plaintiff's injury. *Fitzer, supra.*

■ This Court has consistently ruled that the abrogation of immunities defenses is to be applied prospectively only. *See e.g., Douglass v. Florence General Hospital,* 273 S. C. 716, 259 S. E. (2d) 117 (1979) and *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978). *See also,* 15 Am. Jur. (2d) Charities § 194 (1976). Prospective application is required when liability is created where formerly none existed.

■ We hold that the abrogation of the doctrine of charitable immunity announced in *Fitzer v. Greater Greenville, S. C., YMCA,* 277 S. C. 1, 282 S. E. (2d) 230 (1981) applies prospectively only.

The foregoing is the order of this Court.

LEWIS, C. J., and GREGORY, A. J., concur.

HARWELL, Justice (dissenting):

In this Court's decision abrogating the doctrine of charitable immunity, we stated, "it is time to once and for all lay this anachronism to rest." *Fitzer v. Greater Greenville, S. C. Young Men's Christian Ass'n,* 277 S. C. 1, 282 S. E. (2d) 230, 231 (1981). Yet, again, this antiquated doctrine rears its ugly head, and my brethren allow it to breathe a few last gasps before its inevitable death. I would hold that *Fitzer* applies retroactively to the extent of the previously immune organization's insurance coverage.

This Court did not hold in *Fitzer* that the decision was to apply prospectively only. On the contrary, we stated, "[t]he doctrine of charitable immunity is abolished in its entirety." *Id.* Hence, we applied the new rule to the charity in *Fitzer* even though it would have enjoyed an immune status under previous law. The Court should likewise refuse to allow the doctrine to shield Erskine College in this case where the cause of action arose over two years after that in *Fitzer.*

We faced an analogous situation in our recent decision of *Moultrie v. Medical University of South Carolina,* 311 S. E. (2d) 730 (1984). In *Moultrie,* we applied the new national standard of care for physicians even though we had discarded the locality rule since the trial of the case in *King v. Williams,* 276 S. C. 478, 279 S. E. (2d) 618 (1981). Although the respondent physician in that case lacked notice at the time of his alleged tort of the new standard of care to which he would be held, we held him to that standard. As we stated in *Fitzer,* liability should follow a tortious wrongdoer. By the same token, the defendant in the present case must defend against its alleged torts.

The majority cites 15 Am. Jur. (2d) *Charities* § 194 (1976) to support its holding that *Fitzer* should be applied prospectively only. The treatise does recognize that, after abrogation of immunity doctrines, charities generally retain their immunity with respect to torts which occurred before the abrogation. However, the rationale for this result is that, prior to the abrogation, the charity would probably not have procured liability insurance. Where the charity has procured liability insurance, the abrogation of the immunity would be retro-

spective to the extent of the maximum amount of insurance coverage. *Id.*

This Court must analyze the existence of liability insurance coverage, as well as other circumstances, to determine whether to apply *Fitzer* retroactively. *See Annot.,* 10 A.L.R. (3d) 1371 (1966); *Elam v. Elam,* 275 S. C. 132, 268 S. E. (2d) 109, 111 (1980). If the charity justifiably relied on the immunity, the new rule should not apply to that charity.

Erskine, however, could not have relied on retaining its immune status. During the past decade, the doctrine of charitable immunity has been gradually eroded in South Carolina. *See Jeffcoat v. Caine,* 261 S. C. 75, 198 S. E. (2d) 258 (1973) (no charitable immunity for intentional torts); *Brown v. Anderson County Hospital Ass'n,* 268 S. C. 479, 234 S. E. (2d) 873 (1977) (no immunity for hospital acting recklessly); S. C. Code Ann. § 44-7-50 (1976), 1983 Cum. Supp. (waiver of immunity for hospitals for tortious acts of employees). The eventual abolition of the doctrine of charitable immunity was readily predictable. Therefore, Erskine could not reasonably rely on the unimpaired continuation of the immunity. *See Dalton v. St. Luke's Catholic Church,* 27 N. J. 22, 141 A. (2d) 273 (1958).

The South Carolina cases cited by the majority opinion are not controlling. In *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978), the Court held that the statute waiving parental immunity in motor vehicle accident cases would apply prospectively. The Court based its decision on the rule that no statute will be applied retroactively unless that result is so clearly compelled as to leave no room for reasonable doubt. 245 S. E. (2d) at 125. However, the traditional rule applicable to overruling of prior judicial decisions has been to apply the new rule retroactively. 10 A.L.R. (3d) 1382, § 4.

In *Douglass v. Florence General Hospital,* 273 S. C. 716, 259 S. E. (2d) 117 (1979), the Court reaffirmed its statement in *Brown, supra,* that the modification of the doctrine of charitable immunity to permit recovery based upon a hospital's reckless conduct would be applied prospectively only. The decision to apply the new rule prospectively was based on the language in *Brown* to the effect that hospitals might have acted in reliance on the old rule and not acquired the necessary insurance. The Court additionally stated that the ruling would apply prospectively because *Brown* created a liability where formerly there was none.

This rationale simply does not make sense in the case at bar. The charities which have liability insurance coverage should be held liable for their torts to the same extent as other entities, as we held in *Fitzer*. To delay the effect of *Fitzer* defies logic and hinders the practical administration of tort law. I would apply the *Fitzer* rule retroactively to the extent of the charity's insurance coverage. To hold otherwise gives insurance companies a windfall.

NESS, J., concurs.