22180

Colie DOOLEY And Lorraine Dooley, Respondents, v. RICHLAND MEMORIAL HOSPITAL, Appellant.

(322 S. E. (2d) 669)

Supreme Court

*Charles E. Carpenter, Jr.,* and *William H. Hensel,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Francis T. Draine,* of *Dranie & McLaren, P. A.,* Columbia, *for respondents.*

Heard Oct. 17, 1984.

Decided Nov. 8, 1984.

GREGORY, Justice:

This is an action for negligent infliction of emotional distress. The jury returned a verdict in the amount of Five Hundred ($500.00) Dollars in favor of respondents Colie and Lorraine Dooley. Richland Memorial Hospital appeals. We reverse.

On August 2, 1979, respondents' son, Doug, drove B. B. Smith and Tommy Metts to purchase a keg of beer. The three friends were in Doug's car. After they purchased the beer, they made another stop. While Doug was away from the car, the two passengers drove off. When Doug discovered this, he simply hitched a ride to his trailer, failing to report to anyone that B. B. and Tommy had taken his car.

Shortly after midnight, the Lexington County Emergency Medical Service was summoned to a single car accident. The two occupants were unconscious. The car had to be pried apart with "jaws" and cut in order to remove the driver from the wreckage. Both occupants were taken to Richland Memorial Hospital in serious condition.

The driver had no identification; however, law enforcement officials found Doug Dooley's identification in the car. They concluded that the driver was Doug Dooley, the owner of the car and reported this information to emergency room personnel at Richland Memorial.

At approximately 3:00 a.m., respondents were called and told that their son had been seriously injured in an auto accident. The caller identified himself as Officer Smith. The Dooleys immediately came to the hospital.

A social worker met with Mr. and Mrs. Dooley at the hospital. She explained the serious nature of their son's injuries. The patient was scheduled for surgery; however, the Dooley's were allowed to see him. Hospital personnel were working on the patient when the Dooley's went in. Respondents stood at the foot of the stretcher and later testified that they were unable to see his face; however, they noticed that the patient had no beard. They assumed that Doug's beard had been shaved in preparation for surgery.

The social worker spent a great deal of time with the Dooleys that night. At one point, Mrs. Dooley told her that Doug was 32 years old. The social worker commented that he looked much younger.

Some seven hours after the initial call to the respondents, hospital personnel discovered that the driver had been misidentified. Mr. Dooley and Doug's girlfriend confirmed this. The driver was then identified as B. B. Smith, one of the passengers who had taken Doug's car earlier. This action followed.

The crux of the Dooley's complaint is that the hospital negligently misidentified their son, thereby causing the Dooleys to suffer severe emotional distress. Though this Court has recognized a cause of action for emotional distress where the defendant's conduct is intentional or reckless, *Ford v. Hutson*, 276 S. C. 157, 276 S. E. (2d) 776 (1981), this case differs because it is based on simple negligence.

The recognition and scope of a cause of action for negligent infliction of emotional distress is subject to much debate among legal scholars. *See* Nolan and Ursin, *Negligent Infliction of Emotional Distress: Coherence Emerging from Chaos*, 33 Hast. L. J. 583 (1982); Prosser and Keeton, *The Law of Torts*, § 54 (5th ed. 1983). While this Court does not decide whether such a cause of action is recognized in South Carolina, we feel that the respondent's cause of action fails under any theory of recovery.

First, there is nothing in the record to suggest that the hospital was negligent under the circumstances reflected by this record. The driver of the car was seriously injured and the hospital personnel were struggling to save his life. Though respondents argue that hospital policy required attempts at identification, there is nothing in the record to suggest that

every attempt was not made to identify the patient, especially in light of his condition. Furthermore, there is nothing before this Court to suggest that the appellant's staff made the misidentification. The record clearly shows that a highway patrolman made the identification and called the Dooleys. The hospital simply relied on the identification made by officials at the scene of the accident.

Second, respondents failed to make any showing of physical injury to support their claim. One criticism of a cause of action for negligent infliction of emotional distress is that it will allow for fraudulent claims. Prosser & Keeton, *supra.* One method of eliminating this danger has been to require some type of physical injury in addition to any claimed emotional injury. *See* Restatement (2nd) of Torts, § 436A; Nolan and Ursin, *supra,* at p. 605.

The Dooleys testified that they were upset and nervous. They received no medical treatment and simply took valium that had been prescribed for Mrs. Dooley prior to this incident. Therefore, respondents have failed to show any objective evidence of physical injury upon which to rest a claim for damages for emotional injury under the circumstances of this case.

Since the record in void of evidence supporting respondent's action, it is unnecessary for this Court to reach the issue of contributory negligence plead as an affirmative defense by Richland Memorial Hospital.

Therefore, the judgment is reversed.

Reversed.

NESS, as Acting C. J., HARWELL and CHANDLER, JJ., and WILLIAM L. RHODES, JR., as Acting Associate Justice, concur.