829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wanda S. MANDEL, Plaintiff-Appellant,
v.
Ralph D. SICKLES, Defendant-Appellee,
 No. 86-2190.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1987.
Decided Sept. 25, 1987.
 
 1
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, District Judge. (CA-86-0569-1)
 
 
 2
 Edward E. Bullard, on brief), for appellant.
 
 
 3
 Davis Charles Norton (Holmes & Thomsen, on brief), for appellee.
 
 
 4
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judqes.
 
 RUSSELL, Circuit Judge
 
 5
 This appeal presents a single question of law. The question arises in a case by a mother to recover under a cause of action for negligent infliction of emotional distress sustained when the mother was present when her daughter was killed in an automobile accident. Jurisdiction of the action was based on diversity. Under those circumstances the controlling law was conceded to be that of South Carolina.
 
 
 6
 In Dooley v. Richland memorial Hospital, 283 S.C. 372, 322 S.E.2d 669-70 (decided Nov. 8, 1984), the court, in an opinion issued in response to a certified question submitted to it by the District Court of South Carolina, observed that the recognition of a cause of action such as that alleged in plaintiff's complaint was a "subject of much debate among legal scholars" but it found it was not necessary in that case to "decide whether such a cause of action is recognized in south Carolina...." However, in Kinard v. Auqusta Sash & Door Co., 286 S.C. 579, 336 S.E.2d 465-66 (October 24, 1985), the South Carolina Supreme Court "conclude[d] South Carolina should adopt a cause of action for negligent infliction of distress," and it proceeded to sustain the cause of action in that case. The accident in which the plaintiff alleges she sustained such emotional distress in this case occurred on February 20, 1985, almost nine months before the South Carolina Supreme Court "adopted a cause of action for emotional distress." The defendant moved for summary judgment on the ground that the adoption of the cause of action for emotional distress in Kinard was not to be applied retroactively under South Carolina Law and that, since this incident occurred before Kinard had "adopted" such a rule of liability, the plaintiff's action was subject to dismissal. The district judge granted summary judgment for the defendant on the ground asserted and the plaintiff has appealed. We affirm.
 
 
 7
 The law of South Carolina on the retroactivity of judicial "adoption" of a new cause of tort liability seems well settled. in Douqlas v. Florence General Hospital, 273 S.C. 716, 259 S.E.2d 117, 118 (1979), the plaintiff, in one count of her complaint, asserted a cause of action "for gross negligence and recklessness." The defendant, a charitable hospital, plead charitable immunity. The trial court denied the plaintiff's motion to strike the defense and granted the defendant's motion to dismiss. On appeal, the Supreme Court sustained the dismissal of the first count of plaintiff's complaint, finding that the decision abolishing charitable immunity was decided after the cause of action in Douqlas arose and was to be applied only prospectively. Later, in Bartlett v. Nationwide Mutual Ins. Co., S.C. -Y 348 S.E.2d 530, 532 (1986), the Court of Appeals of South Carolina applied what it found to be the correct rule on the retroactivity of judicial decisions creating "a new tort" under the law of South Carolina. Under this rule, "decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retroactively.... Under this fundamental principle, if Nichols created a new tort, it would not apply to claims arising before that decision...." This rule clearly covers the present case. Prior to Kinard, South Carolina had not recognized the existence of a right of action for "emotional distress." Judge Gregory on Kinard explicitly stated that in Dooley, the court "had declined to adopt such a cause of action because the facts did not warrant it. .1 336 S.E.2d at 466, n.1. The cause of action "adopted" in Kinard was "a new tort" and, as such, was not to be applied to cases arising before its date. The district court so concluded and we agree.
 
 
 8
 The decision of the district court is accordingly
 
 
 9
 AFFIRMED.
 
 
 10
 ---------------
 
 
 
 1 This is the term used by the South Carolina Supreme Court. In short, it was establishing a new substantive right giving rise to a new cause of action, which had not therefore been recognized or "adopted."