### 1134

Johnny W. FOSTER, Individually, and as Guardian ad Litem for John Chad Foster, and Betty W. Foster, Individually, Appellants v. The GREEN-VILLE COUNTY MEDICAL SOCIETY, Greenville General Hospital, Greenville Hospital System, St. Francis Hospital, Iverson O. Brownell, M.D., Lucius M. Cline, Jr., M.D., and Lawson W. Stoneburner, M.D., Individually, and as Members of the Grievance Committee of the Greenville County Medical Society, of whom The Greenville County Medical Society, Greenville General Hospital, Greenville Hospital System, Iverson O. Brownell, M.D., Lucius M. Cline, Jr., M.D., and Lawson W. Stoneburner, M.D., are Respondents.

(367 S. E. (2d) 468)

Court of Appeals

*J. Kendall Few*, Greenville, *for appellants.*

*J. D. Todd, Jr.,* and *John E. Johnston,* of *Leatherwood, Walker, Todd & Mann,* and *G. Dewey Oxner, Jr.,* and *Frances D. Ellison,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondents.*

Heard Feb. 24, 1988.

Decided April 11, 1988.

SHAW, Judge:

Johnny Foster, individually and as Guardian ad Litem for John Chad Foster, and Betty W. Foster sued the Greenville

County Medical Society, Greenville General Hospital, Greenville General Hospital System and individual members of the Hospital System Grievance Committee, Iverson O. Brownell, M.D., Lucius M. Cline, Jr., M.D., and Lawson W. Stoneburner, M.D. The Fosters alleged negligence in the failure to investigate a complaint regarding a hospital obstetrician resulting in injury to John Chad Foster. From an order granting summary judgment to respondents, the Fosters appeal. We affirm.

The facts of this case are undisputed. The Fosters brought this action alleging on June 6, 1976, Dr. Peter J. Botzis, a member of the Greenville County Medical Society who practiced at Greenville General Hospital, undertook the delivery of John Chad Foster while drinking on call and under the influence of alcohol, resulting in injury to the child. They further alleged the respondents knew or should have known of Dr. Botzis' drinking problem. Specifically, the Fosters point to a letter from a former partner of Dr. Botzis, Dr. Raymond V. Lassen, sent to the Grievance Committee of the Greenville County Medical Society containing certain allegations that Dr. Botzis had been inebriated while on call.[1] The Fosters alleged the Greenville County Medical Society undertook to supervise the review of complaints for Greenville General Hospital and the Greenville Hospital System regarding members of the Medical Society and, thus, acted as agents for the Hospital and the Hospital System. Finally, they alleged by failing to look into Dr. Lassen's allegations, all respondents breached a duty of care owed to patients at the Hospital, resulting in injury to the child.

All defendants moved for summary judgment on the grounds the Fosters' claims were barred by sovereign and charitable immunity. Additionally, the Medical Society and the individual members of the Grievance Committee claimed (1) there was no duty owed by them to the Fosters or the public which they breached and (2) there was no evidence in the record of any act or omission on their part which was the proximate cause of the Fosters' injuries. After reviewing the record and hearing arguments on the

---

[1] It should be noted the crux of the complaint by Dr. Lassen dealt with a dispute between Botzis and Lassen over medical records.

matter, the trial judge found the Medical Society and the individual members of the Grievance Committee owed no duty to the Fosters which was breached. He further found the Fosters' claims against the Greenville Hospital System and Greenville General Hospital were barred by the doctrine of charitable immunity. We agree.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *Davis v. Piedmont Engineers, Architects and Planners, P.A.*, 284 S. C. 20, 324 S. E. (2d) 325 (Ct. App. 1984). While it is not clear whether Dr. Botzis was in fact inebriated at the time of delivery of John Chad Foster, for purposes of this appeal, we accept the Fosters' contention that he was. For whether Dr. Botzis was, indeed, inebriated is not of importance to the issue of whether the Society and the Grievance Committee owed a duty. For negligent conduct becomes actionable only when it violates some specific legal duty owed to the plaintiff. *Brown v. South Carolina Insurance Company*, 284 S. C. 47, 324 S. E. (2d) 641 (Ct. App. 1984). Likewise, in the absence of a duty to prevent an injury, foreseeability of that injury is an insufficient basis on which to rest liability. *South Carolina State Ports Authority v. Booz-Allen & Hamilton*, 289 S. C. 373, 346 S. E. (2d) 324 (1986). In circumstances where the law imposes a duty to act, a failure to act may constitute negligence, but common law is slow to impose affirmative duties in the absence of agreement. *Brown*, supra, 324 S. E. (2d) at 644. The question thus evolved is whether the Medical Society and Grievance Committee owed an affirmative legal duty to the public to act on the letter of Dr. Lassen.

The Medical Society is an educational, charitable and social organization. Membership in the Society is voluntary. On the other hand, admission to the medical staff of the Greenville Hospital System is necessary in order to attain staff privileges. Membership on a hospital staff is not a condition of membership in the society nor is membership in the society a condition of membership on the

hospital staff. The Society plays no role in determining hospital staff privileges. There is no arrangement between the Medical Society and any hospital for the exchange of any information regarding the personal or professional health or competence of any physician. Pursuant to the By-Laws of the Society, upon receipt of a complaint, the Committee is required to attempt to effect a peaceful resolution of the dispute. If this is not possible, the Committee may recommend to the society censure, suspension of membership or expulsion from membership. The Society has no authority to suspend or expel a physician from a hospital staff, but only from its own Society. Under the facts of this case, we hold the Medical Society and the individual members of the Grievance Committee owed no duty to the Fosters which was breached and the trial judge therefore properly granted summary judgment to the Society and the individuals.

The Fosters next claim the Hospital and Hospital System are not exempt from liability under the doctrine of charitable immunity and the trial judge improperly granted summary judgment on that ground. The Fosters excepted to the trial judge's holding that the Greenville Hospital System and Greenville General Hospital were charitable organizations exempt from liability under the charitable immunity doctrine. However, the Fosters failed to argue this exception and therefore have abandoned it. See *McGann v. Mungo*, 287 S. C. 561, 340 S. E. (2d) 154 (Ct. App. 1986). Thus, the finding of the trial judge that the Hospital and the System are charitable institutions is the law of the case.

The Fosters contend the doctrine of charitable immunity has been abolished and therefore the trial judge erred in finding the Hospital and the Hospital System exempt. The Fosters' complaint alleges the injury which occurred to the child resulted from his birth on June 6, 1976. In the case of *Brown v. Anderson County Hospital Association*, 268 S. C. 479, 234 S. E. (2d) 873 (1977), the South Carolina Supreme Court modified the doctrine of charitable immunity as to hospitals, but held the modification applied "only to this case and to those causes of action arising after the filing of this opinion, May 10, 1977." (*Brown*, 234 S. E. (2d) at p. 877). Thereafter, the doctrine of charitable immu-

nity was abolished in its entirety on August 31, 1981. *Fitzer v. Greater Greenville Y.M.C.A.*, 277 S. C. 1, 282 S. E. (2d) 230 (1981). (In *Hupman v. Erskine College*, 281 S. C. 43, 314 S. E. (2d) 314 (1984), our Supreme Court held the abrogation of the doctrine of charitable immunity announced in *Fitzer* applies prospectively only.) Therefore, the trial judge was correct in finding charitable immunity applied to bar the Fosters' claims.

Affirmed.

CURETON and GOOLSBY, JJ., concur.

