23368

Christopher LAUGHRIDGE, a minor under the age of 14 years, by his Guardian ad Litem, W.J. Laughridge, Appellant v. Edwin B. PARKINSON, M.D., Harry V. May, M.D., Greenville Hospital Systems, Inc., OB/GYN Group, P.A., Vernon Anderson, M.D., Christie Pediatric Group, P.A., Jerry Ferlauto, M.D., Greenville Neonatology, P.A., Respondents.

(403 S.E. (2d) 120)

Supreme Court

*Lee J. Dunn, Jr., Linda M.E. Auton* of *Dunn & Auton,* Boston, Mass., and *J. Cordell Maddox, Jr.* of *Jones, Spitz, Moorhead, Baird & Maddox,* Anderson, *for appellant.*

*G. Dewey Oxner, Jr.* of *Haynsworth, Marion, McKay and Guerard, William Hagood* of *Love, Thornton, Arnold & Thomason,* Greenville, and *Cary C. Doyle* of *Doyle & O'Rourke,* Anderson, *for respondents.*

Heard Feb. 6, 1991.

Decided April 1, 1991.

HARWELL, Justice:

This case stems from a medical malpractice action initiated by appellant Christopher Laughridge (Laughridge). Laughridge appeals from an order granting respondent Greenville Hospital Systems, Inc. (Greenville Hospital) partial summary judgment. The issues on appeal are whether the abrogation of charitable immunity can be applied retroactively and whether Greenville Hospital established its status as a charitable organization. We affirm.

## DISCUSSION

This is a medical malpractice action in which Laughridge seeks damages against various defendants, including respondent Greenville Hospital. Laughridge, through his guardian ad litem, alleges that his cerebral palsy is the result of the negligence of Greenville Hospital and its employees. The trial judge granted Greenville Hospital's motion for partial summary judgment on the ground that at the time of the alleged malpractice, its liability was statutorily limited to $100,000.00 in actual damages pursuant to S.C. Code Ann. § 44-7-50 (1976). Section 44-7-50 modified the doctrine of charitable immunity as it applied to hospitals by providing that hospitals could be liable for tortious conduct, but only up to the sum of $100,000.00 in actual damages. Laughridge contends that the trial judge erred in holding that Section 44-7-50 limited Greenville Hospital's liability. Section 44-7-50 provides in pertinent part:

> The doctrine of charitable . . . immunity as it relates to hospitals . . . is hereby modified to the extent that any person sustaining an injury . . . by reason of the tortious act of commission or omission of agents, servants, employees or officers of a charitable hospital . . . may recover in any action brought against such hospital . . . for such actual damages as he may sustain a sum not exceeding one hundred thousand dollars.

Historically, charitable institutions were immune from liability for tortious conduct. *Lindler v. Columbia Hospital*, 98 S.C. 25, 81 S.E. 512 (1914). In *Brown v. Anderson County Hospital Ass'n*, 268 S.C. 479, 234 S.E. (2d) 873 (1977), we held that charitable hospitals were not entitled to immunity from recovery for tortious acts which were heedless and reckless. One month after the *Brown* decision, the legislature enacted Section 44-7-50, effective June 10, 1977.[1] On August 31, 1981, this Court completely abolished the doctrine of charitable immunity in *Fitzer v. Greater Greenville South Carolina*

---

[1] The trial judge in this case held that the legislature modified *Brown* in Section 44-7-50, by lowering the degree of misconduct required to state a claim from recklessness and heedlessness to simple negligence. The trial judge based this holding on *Peters v. McCalla*, 461 F. Supp. 14, 18 (D.S.C. 1978). We agree with the trial judge; the standard of proof imposed upon the plaintiff is simple negligence.

*Y.M.C.A.*, 277 S.C. 1, 282 S.E. (2d) 230 (1981).

The alleged tortious conduct in this case occurred in ■ March of 1979. At that time, *Brown* had been decided, and the legislature had enacted Section 44-7-50. Greenville Hospital argues that at the time of the injury, Section 44-7-50 was in effect and that its liability was therefore limited to $100,000.00. The Hospital contends that the fact that *Fitzer* later abrogated charitable immunity is irrelevant because *Fitzer* cannot be applied retroactively. Laughridge urges that the *Fitzer* decision abrogating charitable immunity should be applied retroactively so that Greenville Hospital's liability will not be limited by the terms of the statute.[2]

The question of whether *Fitzer* should be applied retroactively was directly presented to this Court in *Hupman v. Erskine College*, 281 S.C. 43, 314 S.E. (2d) 314 (1984). We held that "the abrogation of the doctrine of charitable immunity announced in *Fitzer* applies prospectively only." 281 S.C. at 44, 314 S.E. (2d) at 315. *See also Foster v. Greenville County Medical Society*, 295 S.C. 190, 367 S.E. (2d) 468 (Ct. App. 1988) (reiterates that *Fitzer* only applies prospectively). Since our previous cases have held that the abrogation of charitable immunity cannot be applied retroactively, Greenville Hospital's liability is limited to $100,000.00 in actual damages as provided in Section 44-7-50.

Laughridge also argues that an exception to the doc- ■ trine of charitable immunity should be made for causes of action arising before *Fitzer* to the extent that the charitable organization had liability insurance. However, in

---

[2] In his brief, appellant relies on our decision in *Hasell v. Medical Society of South Carolina, Inc.*, 288 S.C. 318, 342 S.E. (2d) 594 (1986). However, we need not address the viability of the *Hasell* decision. *Hasell,* which addressed the question of the effect of the *Fitzer* decision on Section 44-7-50, involved an injury which occurred in January of 1982. The alleged malpractice in this case occurred in 1979, more than two years before *Fitzer* was decided. Since we held that *Fitzer* was not retroactive, the *Hassell* decision is inapplicable to this case.

*Decker v. Bishop of Charleston,* 247 S.C. 317, 147 S.E. (2d) 264 (1966), we held that "the procurement by a charitable organization of liability insurance does not create liability in instances in which such organization is immune from liability." 247 S.C. at 327, 147 S.E. (2d) at 269. *See also Douglass v. Florence General Hospital,* 273 S.C. 716, 259 S.E. (2d) 117 (1979). At the time of Laughridge's injury, Section 44-7-50 provided that hospitals were immune from liability except in the sum of $100,000.00. This statutory cap on the amount of a hospital's liability is applicable even though the hospital was protected by liability insurance.

Laughridge next contends that the trial judge erred in granting summary judgment because there was a material issue of fact as to whether Greenville Hospital was a charitable institution. Laughridge argues that Greenville Hospital did not supply the trial judge with sufficient documentation to make a determination that it was a charitable entity. We disagree.

Greenville Hospital introduced the affidavit of the President and Chief Executive Officer of the Hospital which stated that Greenville Hospital was a non-profit charitable hospital. Greenville Hospital also supplied the trial judge with documents from the Internal Revenue Service and the Department of State of the State of South Carolina which supported the position that Greenville Hospital was a charitable organization. Furthermore, Laughridge presented no evidence refuting Greenville Hospital's contention that it was a charitable organization. Where "a party makes no factual showing in opposition to a motion for summary judgment, the court must grant summary judgment to the moving party if, under the facts presented, the latter is entitled to summary judgment as a matter of law." *South Carolina Electric and Gas Company v. Combustion Engineering, Inc.,* 283 S.C. 182, 189, 322 S.E. (2d) 453, 457 (Ct. App. 1984).

Accordingly, the order of the trial judge is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.