2299

EDENS & AVANT INVESTMENT PROPERTIES, INC., Appellant v. AMERADA HESS CORPORATION and Ryan's Family Steak Houses, Inc., Defendants, of whom Amerada Hess Corporation is Respondent.

(456 S.E. (2d) 406)

Court of Appeals

*Thomas E. McCutchen* and *Evans Taylor Barnette,* both of *McCutchen, Blanton, Rhodes & Johnson,* Columbia, *for appellant.*

*John P. Linton* and *Edward K. Pritchard,* both of *Sinkler & Boyd,* Charleston, *for respondent.*

Heard Jan. 10, 1995.

Decided Jan. 30, 1995; Reh. Den. Apr. 17, 1995.

HOWARD, Judge:

Edens & Avant Investment Properties, Inc. (E & A) appeals a circuit court order granting summary judgment to Amerada Hess Corporation (Hess). We affirm.

In 1989, E & A entered into a contract with Ryan's Family Steak Houses, Inc. (Ryan's) to purchase property from Ryan's. E & A intended to develop a shopping center. The contract required E & A to pay Ryan's earnest money in increments so as to extend the period for closing the sale. Failure by E & A to close within the contract term resulted only in loss of the earnest money, without further obligation to Ryan's. Thus, the contract was property construed by the circuit court as an option.

E & A negotiated with several tenants and undertook an environmental survey required by its lender. The survey revealed significant benzene contamination of the groundwater. There was evidence that the contamination was from a petroleum spill at a Hess service station on property adjacent to Ryan's property. Eventually E & A abandoned its plans to seek financing and develop the property.

E & A brought an action against Ryan's for recovery of earnest money, engineering expenses and development costs arising out of the land sales contract. E & A later amended its complaint to seek recovery also against Hess. Both defendants timely responded.

Hess filed a motion for summary judgment claiming E & A lacked standing to pursue any action against Hess because E & A did not have any cognizable rights in the property. The trial court found E & A did not hold sufficient property rights under the option agreement to recover for damages to the property. E & A moved for reconsideration pursuant to Rule 59, SCRCP, which the trial court summarily denied. This appeal followed.

In its motion for reconsideration and on appeal, E & A argues the trial judge misapprehended the nature of E & A's claim against Hess because the judge viewed E & A as claiming damages for injury to the property itself. E & A acknowledges that under established South Carolina law the optionee who is not in possession of the property assumes no risk and enjoys no interest in the property. *Good v. Jarrard*, 93 S.C. 229, 76 S.E. 698 (1912). Instead, E & A claims to be seeking damages separate from those that occurred to the property, for loss of engineering and development costs, as well as the loss of expected income and profit from the development of the shopping center.

The essence of E & A's claim against Hess is that Hess's negligence in contaminating the property E & A sought to purchase interfered with E & A's option interest in the property and E & A's economic plans to develop the property. E & A argues their option right is a legally protected interest, entitling E & A to monetary damages arising therefrom. However, E & A has no interest independent of its interest in the option contract. In other words, the option interest in the property cannot be divorced from the contract itself. In fact, E & A inadvertently acknowledges in its brief that it "seeks damages for loss of its contractual rights and *not* damages to real property." To date, South Carolina, like the majority of states, has not recognized a cause of action for the recovery of pure pecuniary harm resulting from a tortfeasor's negligent interference with the plaintiff's contractual relationships, and we decline to do so. *See* Restatement (Second) of Torts § 766C (1977). Therefore, E & A has no basis upon which to seek recovery against Hess for Hess's negligence which may have interfered with E & A's contractual relationship with Ryan's and E & A's economic plans for the subject property. Accordingly, the trial court's grant of summary judgment is

Affirmed.

SHAW and GOOLSBY, JJ., concur.