22564

Ronald BARKER, Appellant v. Bill SAULS, d/b/a Bill Sauls Insurance Agency, Respondent.

(345 S. E. (2d) 244)

Supreme Court

*Mike Kelly* and *John Boswell,* both of *Ken Suggs — Mike Kelly, Lawyers, P.A.,* Columbia, *for appellant.*

*Julian M. Sellers,* Columbia, *for respondent.*

Heard April 21, 1986.

Decided June 9, 1986.

NESS, Chief Justice:

This is an appeal from an order of the trial judge sustaining a demurrer to two causes of action. We reverse in part.

Appellant Barker is an officer and employee of Midlands Electrical, Inc. Barker sustained an injury and filed a worker's compensation claim with General Accident Group. General denied the claim, asserting it had no policy for worker's compensation with Midlands Electrical.

Barker brought this action against respondent Sauls, the insurance agent with whom Midlands Electrical had contracted, alleging negligence and fraud. The trial judge sustained demurrers to both causes of action, finding Barker had no capacity to sue since Sauls' contractual relationship was with Midlands Electrical, not Barker.

A tort-feasor may be subjected to tort liability for injury to a third party arising out of the tort-feasor's contractual relationship with another, despite the absence of privity between the tort-feasor and the third party. *Terlinde v. Neely,* 275 S. C. 395, 271 S. E. (2d) 768 (1980). The tort-feasor's liability exists independently of contract, and rests upon the tort-feasor's duty to exercise due care. *Edward's of Byrnes Downs v. Charleston Sheet Metal Co., Inc.,* 253 S. C. 537, 172 S. E. (2d) 120 (1970).

The key inquiry is what duty, if any, is owed by the tort-feasor to the third party. It is essential to liability for negligence that the parties have some relationship recognized by law to support the duty owed by the tort-feasor. 57 Am. Jur. (2d), *Negligence,* Section 36. This duty may be derived from the tort-feasor's contractual relationship with another. See, *Ateyeh v. Volkswagen of Florence, Inc.,* 341 S. E. (2d) 378 (S. C. 1986). In his negligence action, Barker alleged the contractual relationship between Sauls and Midlands Electrical as the basis of Sauls' duty to Barker. Therefore, the demurrer to the negligence action should have been overruled.

While we reverse the demurrer to the negligence cause of action, we affirm the trial judge's ruling on the cause of action for fraud. The Court may affirm on any ground appearing in the record. Supreme Court Rule 4, Section 8. Barker failed to plead all nine elements of fraud, and his complaint therefore failed to state a cause of action. *Carver v. Blanford*, 342 S. E. (2d) 406 (S. C. 1986). We affirm the trial judge's ruling on this issue.

Affirmed in part; reversed in part.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.