22599

SOUTH CAROLINA STATE PORTS AUTHORITY, Charleston Branch Pilots Association, and Locals 1422 and 1771 International Longshoremen's Association, Plaintiffs v. BOOZ-ALLEN & HAMILTON, INC., Defendant.

(346 S. E. (2d) 324)

Supreme Court

---

*William H. Vaughan, Jr.* of *Vaughan, Robson, Barnwell & Lawrence,* Charleston, *for plaintiffs.*

*Herbert W. Hamilton* and *Thomas E. McCutchen* of Whaley, McCutchen, Blanton & Rhodes, Columbia, for defendant.

Heard May 5, 1986.

Decided July 21, 1986.

NESS, Chief Justice:

The following question was certified to this Court pursuant to Supreme Court Rule 46 by the Court of Appeals for the District of Columbia.

> Under South Carolina law, which, if any, of the following entities has a tort claim for negligence against a consultant who prepares a report intended for public distribution, comparing two ports, where the port authority of one port has contracted with the consultant for the report, and where the report sets forth statements of fact that reasonable investigation would have shown to be false, portraying the other port as inferior and causing traffic to avoid that port:
>
> (a) The governmental agency responsible for the administration of the port described as inferior?
>
> (b) The association of harbor pilots for that port?
>
> (c) Labor unions whose members are employees servicing vessels in that port?

The Georgia Ports Authority (GPA) contracted with Booz-Allen & Hamilton (BAH), a consulting firm, to to a report comparing the merits of the Savannah port with the Charleston port for commercial traffic. Officials from the S. C. Ports Authority were not consulted to obtain facts and figures concerning the Charleston port. The completed report was highly favorable to the Savannah port. It contained false facts concerning the Charleston port, such as depth of channels and clearance under bridges. GPA distributed the report to domestic and foreign customers and potential customers, resulting in decreased traffic in the Charleston Port.[1]

The S. C. State Ports Authority, the Pilots Association, and two chapters of the Longshoremen's Association (plaintiffs) brought suit in federal district court against BAH alleging negligence, libel and interference with contract. The district court granted BAH's FRCP Rule 12(b)(6) motion as to all three causes of action on the basis that BAH owed no

---

[1] In its brief, BAH disputes that its report caused any damage to the Charleston port. For purposes of a certified question under Rule 46, this Court will assume the facts stated in the certified question are true.

duty to the plaintiffs. Appeal was taken only on the negligence cause of action.

A cause of action for negligence requires: (1) the existence of a duty on the part of the defendant to protect the plaintiff; (2) the failure of the defendant to discharge the duty; (3) injury to the plaintiff resulting from the defendant's failure to perform. *Winburn v. Insurance Company of North America*, 287 S. C. 435, 339 S. E. (2d) 142 (Ct. App. 1985). See also, *Horne v. Beason*, 285 S. C. 518, 331 S. E. (2d) 342 (1985). The absence of any one of these elements renders the cause of action insufficient.

Plaintiffs argue BAH knew or should have known its report, falsely disparaging the Charleston port, would have a direct economic impact on them. Since their injuries were foreseeable, plaintiffs argue BAH owed a duty to them to prevent injury.

Foreseeability of injury, in the absence of a duty to prevent that injury, is an insufficient basis on which to rest liability. *Tolar Construction Company v. GAF Corporation*, 154 Ga. App. 127, 267 S. E. (2d) 635, rev'd on other grounds, 246 Ga. 411, 271 S. E. (2d) 811 (1980). Foreseeability itself does not give rise to a duty. 65 C. J. S., *Negligence*, Section 4(2).

A legal duty is that which the law requires to be done or forborne with respect to a particular individual or the public at large. *S.C.E. & G. v. Utilities Construction Company*, 244 S. C. 79, 135 S. E. (2d) 613 (1964). A tortfeasor's duty arises from his relationship to the injured party. *Barker v. Sauls*, 345 S. E. (2d) 244 (1986). This relationship may arise out of the tort-feasor's contractual relationship with a third party. *Id.*

Liability for negligence in preparing reports has been extended to parties other than those to the contract in certain circumstances. 57 Am. Jur. (2d) *Negligence*, Section 51. Consultants such as BAH may be found liable in negligence to non-contracting parties who have reasonably relied on their reports in taking some action. See, *Stagen v. Stewart-West Coast Title Company*, 149 Cal. App. (3d) 114, 196 Cal. Rptr. 732 (2d Dist. 1983); *Carlotta v. T. R. Stark & Associates, Inc.*, 57 Md. App. 467, 470 A. (2d) 838 (1984). We hold a duty to use due care, running from a consultant to the

commercial competitor who is being critiqued, arises when the consultant undertakes to objectively analyze and compare the attributes of commercial competitors for the purpose of giving one a market advantage over the other.

Under this analysis, BAH owed a duty to the S. C. State Ports Authority to exercise due care to accurately report objective factual data concerning the Charleston port, if it knew or should have known the report was intended to be used by GPA as a marketing device. Conversely, however, we can see no duty from BAH to individuals who, in whole or in part, rely upon the shipping traffic in the Charleston port for commercial profit. The relationship, if any, flowing between a consultant and someone distantly affected by his work is far too attenuated to rise to the level of a duty flowing between them. The concept of duty in tort liability must not be extended beyond reasonable limits. See *Morris v. Mooney*, 288 S. C. 447, 343 S. E. (2d) 442 (1986).

We hold that a duty exists under these facts only as to plaintiff the S. C. State Ports Authority.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.