2255

Myra Kay EVANS, Appellant v. RITE AID CORPORATION,
1135 Rite Aid of South Carolina, Inc., Respondent.

(452 S.E. (2d) 9)

Court of Appeals

*W. Mullins McLeod* and *David F. Groose,* North Charleston, *for appellant.*

*Stephen P. Groves, Shawn D. Wallace,* and *Stephen L. Brown,* all of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard Oct. 5, 1994.

Decided Nov. 28, 1994; Reh. Den. Jan. 10, 1995.

CURETON, Judge:

Appellant, Myra Kay Evans, appeals from three orders dismissing her claims against Rite Aid of South Carolina, Inc. We affirm.

In late October 1989, Evans filed a prescription at the Rite Aid pharmacy in Walterboro, South Carolina. Thereafter, she discovered an employee of the pharmacy falsely told third parties that the prescription was the treatment of a venereal disease.

In October 1992, Evans commenced an action against Rite Aid claiming breach of confidentiality, negligent failure to supervise, and outrage (the first complaint). In December 1992, Judge Drew granted Rite Aid's motion to dismiss without prejudice. The court held that a pharmacist owed its customer no duty of confidentiality regarding medication prescribed for a customer, and that "we can't get to outrage in my opinion."[1] Because Evans stated that there was a problem with the statute of limitations, Judge Drew dismissed the complaint with leave to amend.

In January 1993, Evans filed a second complaint alleging "negligent falsehood," negligent failure to supervise, and outrage (the second complaint). In the second complaint, Evans did not allege a strict duty of confidentiality, but did allege that Rite Aid negligently failed to supervise its employees to insure the "truthfulness of disclosures concerning pharmaceutical sales." In its answer to the second complaint, Rite Aid alleged, *inter alia*, that Evans' actions were barred by the statute of limitations. Rite Aid again moved to have the actions dismissed. By order dated April 8, 1993, Judge Bristow

---

[1] The cause of action for negligent failure to supervise was not mentioned.

dismissed Evans' claims for negligent failure to supervise and outrage, but refused to dismiss her negligent falsehood claim, construing it as stating a defamation claim. As to the negligent supervision claim, Judge Bristow held that no privilege between Evans and Rite Aid was alleged, nor did Rite Aid have a duty to ensure the truthfulness of disclosures made by its employees. As to the claim of outrage, he held that an action for outrage does not lie where the facts support a defamation action, and that the earlier dismissal of the claim was the law of the case.

In October, 1993, Judge Howard granted summary judgment in favor of Rite Aid on Evans' remaining cause of action. The court held that Evans' claim was barred under the statute of limitations, which requires a defamation action be brought within two years after the cause of action arose. The court also held that Evans' remaining cause of action could not be construed as stating a claim for negligent misrepresentation. Finally, the court held that Evans had failed to establish a duty owed to her by Rite Aid and that she otherwise failed to establish the elements of negligent misrepresentation.

On appeal, Evans argues (1) the first complaint should not have been dismissed because a pharmacist owes a duty of confidentiality to his customers; and (2) the second complaint properly stated a claim for negligent falsehood.[2]

## I. Duty of Confidentiality

According to Evans, pharmacists owe their customers a strict duty of confidentiality, and a breach of that duty gives rise to a claim in negligence. Evans contends that this duty arises from the public policy concerns reflected in S.C. Code Ann. § 44-29-135 (1976) and related regulations. We disagree.

South Carolina has put in place an extensive legislative scheme designed to control the spread of contagious and infectious diseases, particularly sexually transmitted diseases

---

[2] Evans does not challenge on appeal the dismissal of her claims of outrage, nor the dismissal by Judge Bristow of the negligent supervision claim. In addition, Evans does not challenge Judge Howard's holding that her complaint does not state a claim for negligent misrepresentation.

(STDs). *See Doe v. American Nat'l Red Cross*, 788 F. Supp. 884 (D.S.C. 1992). As part of this scheme, physicians, laboratories, and other health care providers are required to report cases of STDs to the Department of Health and Environmental Control (DHEC). S.C. Code Ann. § 44-29-70 (Supp. 1993). Under § 44-29-135, the provision upon which Evans primarily relies, "[a]ll information and records held by the Department of Health and Environmental Control and its agents relating to a known or suspected case of a sexually transmitted disease are strictly confidential," and can be made public only in certain limited circumstances. S.C. Code Ann..§ 44-29-135 (Supp. 1993). Section 44-29-130 authorizes DHEC to promulgate regulations concerning STDs, and provides that "[a]ll regulations so made are binding upon all county and municipal health officials and other persons affected by Sections 44-29-60 to 44-29-140." S.C. Code Ann. § 44-29-130. Those "other persons affected" are physicians or others who treat or diagnose STD cases. S.C. Code Ann. § 44-29-70 (Supp. 1993).

Regulation 61-21 details the reporting requirements and provides that "[a]ll information and reports in connection with persons infected with sexually transmitted diseases shall be kept strictly confidential in accordance with state law." 24A S.C. Code Ann. Regs. 61-21(C)(3) (1992). Thus, while Regulation 61-21 may impose a duty of confidentiality on those required to report cases of STDs, Rite Aid is not included in this group. Neither the statute nor the regulation places a reporting obligation on a pharmacist who fills a prescription for medication which may be used to treat a STD. Rite Aid is not governed by the statute and regulations upon which Evans relies, and Rite Aid therefore owes Evans no statutory duty of confidentiality.

Evans concedes that there is no authority in this state which establishes a common law duty of confidentiality between a pharmacist and his customers. Evans contends, however, that because no case squarely rejects such a duty, the existence of the duty is a question of fact, or at least a mixed question of law and fact, making the dismissal of her claim inappropriate. We disagree. Whether a particular duty exists is a question of law for the court. *Ballou v. Sigma Nu Gen. Fraternity*, 291 S.C. 140, 352 S.E. (2d) 488 (Ct. App. 1986). We agree with Judges Drew and Bristow that a phar-

macist owes no duty of confidentiality to his customers. Counts one and two of the first complaint alleging a breach of confidentiality were therefore properly dismissed.

## II. Negligent Falsehood

In her second complaint Evans alleged that Rite Aid, "its agents, servants, and employees had negligently and recklessly . . . reported and alleged to numerous persons the falsehood that the prescription purchased by the appellant was for treatment of venereal disease." Judge Bristow refused to dismiss this claim, interpreting it as a claim for defamation. On Rite Aid's motion for summary judgment, Judge Howard held that Evans failed to state a claim for negligent misrepresentation. Like Judge Bristow, Judge Howard characterized the claim as one for defamation only, and held that the claim was barred by the statute of limitations.[3] On appeal, Evans argues that her second complaint sets forth facts supporting a claim for "negligent falsehood."

In support of her position, Evans relies on *South Carolina State Ports Authority v. Booz-Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E. (2d) 324 (1986). In *Booz-Allen,* the Georgia Ports Authority commissioned Booz-Allen & Hamilton (BAH) to prepare a report comparing the Port of Savannah with the Port of Charleston. BAH did not contact the South Carolina State Ports Authority (SCSPA), and the report contained false information about the Port of Charleston. *Id.,* 346 S.E. (2d) at 325. Answering a certified question from the District of Columbia Court of Appeals, our Supreme Court held that the SCSPA could maintain a negligence action against BAH. The Court reasoned that BAH's duty to the SCSPA arose from its contractual relationship with the Georgia Ports Authority (GPA), stating that "a duty to use due care, running from a consultant to the commercial competitor who is being critiqued, arises when the consultant undertakes to objectively analyze and compare the attributes of commercial competitors for the purpose of giving one a market advantage over the other." *Id.,* 346 S.E. (2d) at 326. The court further

---

[3] Defamation actions must be brought within two years after the case of action accrued. S.C. Code Ann. § 15-3-550(1). Evans' cause of action accrued on or about October 28, 1989; her first complaint was filed on October 9, 1992.

stated "Under this analysis, BAH owed a duty to the S.C. Ports Authority to exercise due care to accurately report objective factual data concerning the Charleston Port, if it knew or should have known the report was to be used by GPA as a marketing device."

Clearly, *Booz-Allen* offers Evans no support. Evans alleges no relationship between Rite Aid and a third party which created a special duty owed by Rite Aid to Evans. The law does not impose on Rite Aid a duty of confidentiality to Evans, and no obligation Rite Aid owed to a third party established such a duty. We also note in passing that nowhere does *Booz-Allen* mention a cause of action for negligent falsehood. The thrust of the court's discussion was whether the SCSPA had established a duty from BAH to it that would support a negligence cause of action.

Evans also summarily argues that her complaint alleges "at least sale of goods from which customary contractual duties arise." She further argues "surely a purchaser of medication is entitled to a duty [of] truthfulness from the seller when a mere third party competitor is so entitled," apparently referring to the SCSPA in *Booz-Allen.* Evans cites no authority for the contention that a customer's purchase of medicine from a druggist gives rise to a contractual duty not to disseminate information regarding the sale, and we find none.[4]

A cause of action for negligence requires the appellant to establish (1) a duty on the part of the respondent to protect the appellant; (2) a breach of that duty; and (3) damages to the appellant resulting from the respondent's breach. *See, e.g., Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E. (2d) 61 (1984); *Winburn v. Insurance Co. of North America*, 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985). The mere fact that Evans' alleged injuries may have been foreseeable does not create a duty to prevent those injuries. *Booz-Allen*, 346 S.E. (2d) at 325. Because Evans has established no duty owed by Rite Aid to her, her self-titled claim of negligent falsehood was properly dismissed.

The gravamen of Evans' complaint is that Rite Aid's employees published false information about her to third parties,

---

[4] We render no opinion whether Evans may have recovered on a cause of action based on violation of her privacy rights.

causing her shame and humiliation. Her claim therefore states the archetypal defamation claim. *See, e.g., Capps v. Watts,* 271 S.C. 276, 246 S.E. (2d) 606 (1978). Evans concedes that a defamation claim is barred by the statute of limitations. She cannot circumvent the statute by simply characterizing her claim as one of negligent falsehood.

Accordingly, for the foregoing reasons, the appealed orders are hereby

Affirmed.

GOOLSBY and CONNOR, JJ., concur.