**James F. BAUER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Kathleen V. BAUER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 9:94–118–22, 9:94–117–22.**

United States District Court,
D. South Carolina,
Beaufort Division.

March 21, 1995.

---

James Brown Richardson, Jr., Columbia, SC, Samuel L. Svalina, Svalina, Richardson & Smith, Beaufort, SC, for plaintiffs James F. Bauer, Kathleen V. Bauer.

John H. Douglas, Asst. U.S. Atty., U.S. Attys. Office, Charleston, SC, for defendant U.S.

## MEMORANDUM OPINION AND ORDER

CURRIE, District Judge.

These actions are brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* Jurisdiction is based on 28 U.S.C. § 1346(b). The matters are before the court on the Motions for Summary Judgment by Defendant United States of America (hereinafter "the Government"). The court has carefully reviewed the entire record in these matters and heard oral argument of counsel on November 1, 1994. For the reasons discussed below, the court grants the Motions for Summary Judgment.

## I. FACTUAL BACKGROUND

The following factual background is based on the current record before the court for purposes of summary judgment drawing all permissible inferences from the record in the light most favorable to Plaintiffs.

At approximately 4:10 a.m. on February 7, 1992, Lance Corporal John A. Carlin ("Carlin"), a twenty-year-old, off-duty Marine stationed at Parris Island in Beaufort, South Carolina, crossed the centerline on South Carolina Highway 170 and collided head-on with a truck occupied by Plaintiff James F. Bauer. Both vehicles were privately owned. Apparently, Carlin fell asleep while driving and drifted across the centerline. For purposes of this motion, the court assumes that Carlin was under the influence of alcohol at the time of the accident and that this played a role in the accident. The court also assumes for purposes of this motion that Carlin was under the influence of alcohol because he

obtained alcohol by using a Military Identification Card ("MIC") that incorrectly showed him to be over twenty-one.[1] According to Carlin, he obtained alcohol from drinking companions over twenty-one during the evening without using his MIC and also by using his inaccurate MIC. The collision fractured Mr. Bauer's ankle, requiring him to have bone grafts and surgery to insert screws and plates.

It is not clear exactly how Carlin came to have two MICs in his possession, one with his accurate age and one showing him to be over twenty-one. Plaintiffs allege and Carlin claims that he obtained a replacement MIC when he thought he had lost his old card and that the replacement MIC had the incorrect birth date. Carlin claims he later found his old MIC.[2]

Plaintiffs filed their complaints on January 14, 1994.[3] Plaintiffs allege negligent issuance of an inaccurate Military Identification Card and negligent supervision of personnel and procedures involved in the issuance of Military Identification Cards which allowed Carlin to purchase and consume alcohol, thereby causing the accident with Mr. Bauer.

## II. SUMMARY JUDGMENT STANDARD

In deciding a summary judgment motion, the court must look beyond the pleading and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to [the fact finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–53, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim, then Plaintiffs must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable [fact finder] could return a verdict for Plaintiffs. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of a cause of action necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552. Moreover, production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511.

In other words, summary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into

---

1. Carlin also had his correct MIC in his possession.

2. Another possibility is suggested by Chief Warrant Officer Mark Bovee, the officer in charge of the personnel section of recruits at Parris Island. Bovee testified that Carlin was assigned to the personnel section of recruits during the time in question and that dates of birth could be changed on the Marine Corps's computer database ("DEERS") from a computer terminal in that section. Ordinarily, such a change would have been caught by periodic audits of the DEERS database against the primary storage database. The discrepancy between the two databases would have resulted in an investigation. However, if Carlin first changed his birth date in DEERS at his computer terminal, then went to general headquarters and got his replacement MIC, and finally came back to his computer

terminal and changed his birth date back, no discrepancy would have been detected by an audit. Plaintiffs do not allege these possible facts as a basis for recovery.

3. Plaintiffs' complaints are identical except that Mr. Bauer's complaint is for personal injuries and Mrs. Bauer's is for loss of consortium. It is within the court's discretion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to order the consolidation of actions involving common questions of law or fact. Both actions involve the same parties and identical questions of law. The evidence applicable to the issues in one case would be relevant, competent, material and admissible in the other. *See Watwood v. Barber*, 70 F.R.D. 1, 3 (N.D.Ga.1975); *Thomas v. Deason*, 317 F.Supp. 1098, 1101 (W.D.Ky.1970). Therefore, it is ordered that Civil Actions No. 9:94–117–22 and No. 9:94–118–22 be consolidated.

the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees,* 955 F.2d 924, 928 (4th Cir.1992); *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979). In making its determination under this standard, this court must draw all permissible inferences from the underlying facts in the light most favorable to Plaintiffs. *Matsushita Elec. Indus. Co.,* 475 U.S. at 587–88, 106 S.Ct. at 1356; *McKinney,* 955 F.2d at 928.

## III. ANALYSIS

The Government moves for summary judgment on two grounds: (1) that the action is barred by the misrepresentation exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), and (2) that the Government owed no duty to Plaintiffs. In opposition to the motion, Plaintiffs argue that the misrepresentation exception does not apply to this personal injury action and that the Government owed a duty to Plaintiffs because of the foreseeability of the injuries. The court agrees with the Government that it did not owe a duty to Plaintiffs.[4]

 The FTCA is a limited congressional waiver of sovereign immunity. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). The FTCA waives the sovereign immunity of the United States for certain torts committed by its employees. The FTCA authorizes suits against the United States for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Thus, for liability to arise under the FTCA, Plaintiffs' cause of action must be "comparable" to a "cause of action against a private citizen" recognized in the jurisdiction where the tort occurred. *Chen v. United States,* 854 F.2d 622, 626 (2d

Cir.1988). In other words, FTCA claims are governed by the substantive law of the state in which the alleged wrong occurred. 28 U.S.C. § 2674; *see Harris v. United States,* 718 F.2d 654, 656 (4th Cir.1983). Because the present negligence action involves the issuance of an inaccurate MIC in South Carolina and an accident that occurred in South Carolina, the law of South Carolina applies.

 In determining whether the Government was negligent, the court must determine whether the Government owed a duty to Plaintiffs, whether the Government breached the duty and whether Plaintiffs' injuries were proximately caused by such a breach. *Evans v. Rite Aid Corp.,* —— S.C. ——, ——, 452 S.E.2d 9, 12 (Ct.App.1994) (citations omitted). Whether a particular duty exists is a question of law for the court. *Id.* 452 S.E.2d at 11 (citing *Ballou v. Sigma Nu Gen. Fraternity,* 291 S.C. 140, 352 S.E.2d 488 (Ct.App.1986)).

Plaintiffs argue that the Government owed them a duty because the injuries and damages here were foreseeable. They submit an affidavit from a former bartender on Hilton Head Island, South Carolina, that states that bartenders in that area routinely accept Marine Corps identification cards as proof of age. They also claim that further discovery would show that Marine Corps officials were aware of this fact.

 Assuming that bartenders in the area accepted MICs as proof of age and that Marine Corps officials knew this, Plaintiffs' complaints fail as a matter of law. The mere fact that Plaintiffs' injuries may have been foreseeable does not create a duty to prevent those injuries. *South Carolina State Ports Authority v. Booz–Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E.2d 324, 325 (1986); *Evans,* —— S.C. at ——, 452 S.E.2d at 12. For negligent conduct to become actionable, it must violate some specific legal duty owed to Plaintiffs. *Rice v. School District of Fairfield,* —— S.C. ——, ——, 452 S.E.2d 352, 355 (Ct.App.1994) (citing *Foster v. Greenville*

---

4. The court does not reach the issue of whether the misrepresentation exception applies to a negligence/personal injury action because this excep-
tion is applicable only if the Government owed a duty to Plaintiffs.

*County Medical Society*, 295 S.C. 190, 367 S.E.2d 468 (Ct.App.1988)).

 Although the court has been unable to find any case specifically addressing whether an employer or the Government owes a duty to third parties to place the correct birth date of the employee on an identification card, South Carolina case law makes clear that no such common law duty exists. In *Garren v. Cummings & McCrady, Inc.*, 289 S.C. 348, 349, 345 S.E.2d 508, 509 (Ct.App.1986), the court was presented with the question whether under South Carolina common law a social host incurs liability to a third party when the host serves alcohol to an intoxicated guest knowing that the guest intends to drive a motor vehicle and the guest subsequently injures the third party. The court held that no such liability exists at common law. *Id.* The court noted that the proper remedy for the third party is to sue the person who injured him. *Garren*, 289 S.C. at 350, 345 S.E.2d at 510.[5] Similarly, in *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991), the Supreme Court of South Carolina held that a vendor was not liable in tort when it sold alcohol to a minor who shared it with a second minor who subsequently died when he lost control of his car due to his drunken state. The court noted that the vendor would be liable for injuries caused by the first youth because of a duty flowing from the vendor's violation of S.C.Code Ann. §§ 61–9–40 and 61–9–410 which bar the sale of alcohol to minors, but refused to extend liability under the statutes to persons receiving alcohol from the first minor who purchased the alcohol. *Whitlaw*

*v. Kroger Co.*, 306 S.C. at 54–55, 410 S.E.2d at 253.

Both *Garren* and *Whitlaw* demonstrate that South Carolina courts do not recognize the common law tort duty which Plaintiffs wish to impose upon the Government. As the Government notes, Plaintiffs' only contact with the United States was through Carlin's presentation of his inaccurate MIC to a bartender who then served alcohol to Carlin based upon the information on the MIC. Plaintiffs are not even third parties to any actions of the Government, but "fourth" parties. Under South Carolina common law, this relationship is too attenuated to create a duty toward Plaintiffs. Plaintiffs' proper remedy is to sue Carlin and any bar who served alcohol to him knowing he was intoxicated.

## IV. CONCLUSION

The court having found that the Government did not owe a duty to Plaintiffs, IT IS THEREFORE ORDERED that Defendant United States of America's Motions for Summary Judgment are GRANTED. The Clerk of Court shall enter judgments in favor of Defendant United States of America.

IT IS SO ORDERED.

---

**5.** Two South Carolina alcohol consumption cases establishing a bar's liability to bar patrons and third parties injured by bar patrons are distinguishable from the present case. In *Norton v. Opening Break of Aiken, Inc.*, —— S.C. ——, 443 S.E.2d 406 (Ct.App.1994), *cert. granted*, (S.C. Jan. 18, 1995), the court held that a bar, as a licensee of the State, owes a duty toward members of the public likely to be injured by a minor's consumption of alcohol. The court found that this duty was established by a state regulation prohibiting a licensee from allowing people under twenty-one to possess alcohol on licensed premises. The court specifically noted that the case "present[ed] no question of *common law* liability of a social or business host who furnishes alcohol to his guests." *Norton*, —— S.C. at

——, 443 S.E.2d at 407 (emphasis added). Similarly, the present case is distinguishable from *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E.2d 351 (Ct.App.1985). In *Christiansen*, the court held that a bar may be liable to a patron who injures himself because he is intoxicated when the bar sells beer to the patron knowing him to be intoxicated. This decision was based on the violation of a statute prohibiting the sale of beer to persons while in an intoxicated condition, not on the common law. *See Christiansen*, 285 S.C. at 168, 328 S.E.2d at 354 (finding violation of S.C.Code Ann. § 61–9–410 gives rise to cause of action); *see also Garren*, 289 S.C. at 351, 345 S.E.2d at 510 (noting that *Christiansen* holding based on violation of statute, not on the common law).