UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES F. BAUER,
Plaintiff-Appellant,

v.                                                                No. 95-1995

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Cameron McGowan Currie, District Judge.
(CA-94-118-9-22)

Submitted: April 9, 1996

Decided: May 22, 1996

Before MURNAGHAN, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James B. Richardson, Jr., SVALINA, RICHARDSON & SMITH,
Columbia, South Carolina, Samuel S. Svalina, SVALINA, RICH-
ARDSON & SMITH, Beaufort, South Carolina, for Appellant.
J. Preston Strom, Jr., United States Attorney, John H. Douglas, Assis-
tant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A vehicle driven by Lance Corporal John A. Carlin, an off-duty Marine, collided head-on with the vehicle of James F. Bauer, causing personal injury to Bauer. The accident was caused by Carlin's intoxication and occurred in the state of South Carolina. Carlin obtained alcoholic beverages with his military identification card ("MIC") which erroneously showed him to be age twenty-one; his true age was twenty. It is unclear how the erroneous MIC was created.

Bauer filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346(b) (West 1993), 28 U.S.C. § 2671 (1988), alleging that his injuries were the direct and proximate cause of the Government's negligent issuance of Carlin's inaccurate MIC. After a hearing, the district court granted the Government's motion for summary judgment, finding that the Government owed no duty of care to Bauer. Bauer appeals.

Summary judgment is appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-48 (1986). We review the district court's decision to grant summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

The FTCA is a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his employment, such that if United States were a private person it would be liable to the claimant under the law of the place where the act occurred. 28 U.S.C.A. § 1346(b), (d) (West 1993); United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Harris v. United States , 718 F.2d 654, 656 (4th Cir. 1983).

2

In South Carolina a cause of action for negligence requires the existence of a duty on the part of the defendant to protect the plaintiff, failure of the defendant to discharge that duty, and injury to the plaintiff resulting from the defendant's failure to perform. South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 325 (S.C. 1986). To show that the Government owed Bauer a duty created by a statute, Bauer must show both that the essential purpose of the statute is to protect persons from the kind of harm he has suffered and that he is member of the class of persons the statute is intended to protect. Rayfield v. South Carolina Dep't of Corrections, 374 S.E.2d 910, 914-15 (S.C. Ct. App. 1988).

Bauer relies upon two South Carolina statutes to form the basis of the Government's duty to prevent injury to him: S.C. Code Ann. § 61-13-287 (Law Co-op. 1990), which prohibits the transfer of alcoholic beverages to persons below age twenty-one, and S.C. Code Ann. § 61-9-50 (Law Co-op. 1990), which prohibits a minor from using false information to purchase alcohol. Neither statute's essential purpose is to redress the problem of negligently issued identification, however. Further, Bauer has failed to show the Government owed him a common law duty. See generally Rayfield , 374 S.E.2d at 913 (ordinarily the common law imposes no duty on a person to act; an affirmative legal duty is only created by statute, contract, relationship, property interest, or other special circumstance). Because Bauer cannot meet the duty element needed to prevail in a negligence action, we affirm the district court's order granting summary judgment for the Government.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3