478 S.E.2d 846

**Myra Kay EVANS, Petitioner,**

v.

**RITE AID CORPORATION, 1135 Rite Aid of South Carolina, Inc., Respondent.**

**No. 24532.**

Supreme Court of South Carolina.

Heard Jan. 11, 1996.

Decided Nov. 18, 1996.

Rehearing Denied Dec. 19, 1996.

---

W. Mullins McLeod and David F. Groose, North Charleston, for Petitioner.

Stephen P. Groves, Shawn D. Wallace and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, Charleston, for Respondent.

TOAL, Justice:

This Court granted certiorari to review the Court of Appeals' decision in *Evans v. Rite Aid Corp.*, 317 S.C. 154, 452 S.E.2d 9 (Ct.App.1994), which held that pharmacists do not owe their customers a duty of confidentiality. Further, the opinion rejected Evans's claim for negligent falsehood. We affirm as modified.

### FACTUAL/PROCEDURAL BACKGROUND

In October 1989, Myra Kay Evans submitted a drug prescription to Rite Aid Pharmacy ("Pharmacy"). She discovered shortly thereafter that a Pharmacy employee had reported to others that Evans's medication was for the treatment of a venereal disease. This was not true, as Evans did not have a venereal disease. Evans brought an action against Pharmacy, alleging breach of duty of confidentiality, negligent failure to supervise employees, and outrage. Pursuant to Rule 12(b)(6), SCRCP, Pharmacy filed a motion to dismiss, which the court granted without prejudice.

Evans filed an amended complaint, alleging negligent falsehood, negligent failure to supervise, and outrage. Pharmacy

filed another motion to dismiss. The court granted the motion as to the second and third causes of action.

Pharmacy moved for summary judgment as to the negligent falsehood claim, which the court construed as defamation and negligent misrepresentation; the court granted the motion. Evans appealed, arguing that the court erred in dismissing her first complaint because a professional pharmacist or pharmacy owes to a customer a duty of confidentiality. Moreover, she contended that her second complaint alleged sufficient facts to set forth a cause of action for negligent falsehood. The Court of Appeals found that a pharmacist does not owe a duty of confidentiality to his customer. Further, it determined that the lower court had properly dismissed the negligent falsehood claim. We granted certiorari to review the decision of the Court of Appeals.

### LAW/ANALYSIS

#### A. PHARMACIST'S DUTY OF CONFIDENTIALITY

Evans argues that a pharmacist or pharmacy owes to a customer purchasing medication a duty of confidentiality, a duty established by statute and the ethical mandate of the profession. We disagree.

She asserts that a duty of confidentiality arises out of S.C.Code Ann. § 40–43–10 *et seq.* (1986 & Supp.1995), which regulate pharmacists; the public policy set forth in S.C.Code Ann. § 44–29–135 (Supp.1995); and the Code of Ethics of the American Pharmaceutical Association. We do not find that these sources give rise to a duty of confidentiality. The provisions in S.C.Code Ann. § 40–43–10 *et seq.* regulate the licensing and practice of pharmacists; however, these provisions do not set forth, explicitly or implicitly, a duty of confidentiality.

Second, section 44–29–135 is not of benefit to Evans. This provision, which is part of the statutory chapter on "Contagious and Infectious Diseases," states that "[a]ll information and records held by the Department of Health and Environmental Control and its agents relating to a known or suspected case of a sexually transmitted disease are strictly confidential." It is questionable whether this statute gives rise to a duty of confidentiality on the part of pharmacists, but even if we assume that it does, this would be of no avail to Evans

since she, in fact, did not have a sexually transmitted disease. There is no reference in these statutes to those who are falsely accused of having a sexually transmitted disease.

■ Lastly, although the Code of Ethics of the American Pharmaceutical Association may be a potential source of guidance on a pharmacist's duty of care generally, *see Doe v. American Red Cross Blood Servs.*, 297 S.C. 430, 377 S.E.2d 323 (1989) (Standard of care is that professional failed to conform to the generally recognized and accepted practices of his profession.), it does not create for pharmacists a statutory duty of confidentiality. Neither is there a common law duty of confidentiality for pharmacists. No South Carolina case has ever recognized such a duty, nor are we aware of any other jurisdiction that has done so.[1]

■ It is unnecessary to find a duty of confidentiality when there presently exist other causes of action that address the harm suffered by Evans. The present facts make out a classic case of defamation: A statement that another is suffering from a loathsome or venereal disease constitutes slander per se. Prosser & Keeton on Torts, § 112 at 790 (1984). Further, Evans could have brought a professional negligence action against the pharmacist under the standards set forth in *American Red Cross*. Although there is no independent duty of confidentiality, maintaining customer information confidential may well be part of the general standard of care of the professional pharmacist. If so, then Evans could have brought a negligence action in which she could have attempted to prove that Pharmacy deviated from the professional standard of care.

---

1. Our research reveals only two cases tangentially related to the issue before us. In *Griffin v. Phar-Mor, Inc.*, 790 F.Supp. 1115 (S.D.Ala. 1992), the court held that a pharmacist has a duty of disclosure toward the customer. It declined to reach the issue of whether a confidential relationship exists between a pharmacist and the customer.

In *Suarez v. Pierard*, 278 Ill.App.3d 767, 215 Ill.Dec. 525, 663 N.E.2d 1039 (1996), the plaintiff alleged that a pharmacist had improperly disclosed confidential information regarding treatment of her mental health disorder. She asserted two claims: breach of a duty under a state statute entitled the Mental Health Development Disabilities Confidentiality Act and breach of an implied contract between the plaintiff and the pharmacist. The court found that the statute did not apply to pharmacists and that the plaintiff had failed to state a cause of action based on implied contract.

## B. NEGLIGENT FALSEHOOD

Evans argues that her complaint alleged facts sufficient to make out a cause of action for "negligent falsehood." We are unaware of any South Carolina case that has recognized such a cause of action. The case cited by Evans in support of her argument, *South Carolina State Ports Authority v. Booz–Allen & Hamilton, Inc.*, 289 S.C. 373, 346 S.E.2d 324 (1986), is a negligence case and does not establish a broad tort of negligent falsehood. Even if Evans's claim were construed as negligent *misrepresentation*, it still fails because she does not satisfy the elements of that tort:

> In South Carolina, one may bring an action sounding in tort for negligent misrepresentation. 'A duty to exercise reasonable care in giving information exists when the defendant has a pecuniary interest in the transaction.' 'The recovery of damages may be predicated upon a negligently made false statement where a party suffers either injury or loss as a consequence of relying upon the misrepresentation.' These general rules have been applied ... to support the recognition of a negligent misrepresentation claim where the misrepresented fact(s) induced the plaintiff to enter a contract or business transaction.

*Gilliland v. Elmwood Properties*, 301 S.C. 295, 301, 391 S.E.2d 577, 580 (1990) (citations omitted). The above tort does not envision the type of situation in which Evans was involved. She does not satisfy the criteria of negligent misrepresentation because she did not rely upon the Pharmacy's misrepresentation, nor did the misrepresented facts induce her to enter a contract or business transaction.

In rejecting Evans's claim for negligent falsehood, the Court of Appeals partly interpreted the action as one in negligence. It reasoned that Evans cannot assert a negligence claim because Pharmacy owed no duty to her. Evans's complaint cannot be construed as alleging a cause of action for negligence; therefore, this issue should not have been reached. Moreover, the analysis of the Court of Appeals may be misconstrued as suggesting that pharmacies owe no duty of care to customers. *See contra French Drug Co. v. Jones*, 367 So.2d 431, 433–34 (Miss.1978) ("All courts have held that a druggist is required to use a high standard of care in dispensing drugs on prescriptions of physicians...."); *Troppi v. Scarf*, 31 Mich.App. 240, 187 N.W.2d 511, 513 (1971) (Pharma-

cist's conduct "constituted a clear breach of duty. A pharmacist is held to a very high standard of care in filling prescriptions.")

In South Carolina, *American Red Cross,* 297 S.C. 430, 435, 377 S.E.2d 323, 326, clarified the standard of care in professional negligence causes of action: "the professional failed to conform to the generally recognized and accepted practices in his profession." This standard applies to "physicians, dentists, ophthalmologists, accountants and *any other profession which furnishes skilled services for compensation.*" *Id.* (emphasis added). Pharmacists clearly fall into the category of a "profession which furnishes skilled services for compensation"; therefore, they could be liable in negligence for failure to conform to the practices of their profession. Although we agree with the conclusion reached by the Court of Appeals as to Evans's second claim, we clarify that pharmacists do have a duty of care to conform to the generally recognized and accepted practices in their profession.

### CONCLUSION

Based on the foregoing, the decision of the Court of Appeals is **AFFIRMED AS MODIFIED.**

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.