**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-1242**

───────────────

FRANCES ANN SELF; SANDRA G. GANTT, individually and on behalf of others similarly situated,

                                    Plaintiffs - Appellants,

        versus

NORFOLK SOUTHERN CORPORATION; NORFOLK SOUTHERN RAILWAY COMPANY,

                                    Defendants - Appellees.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (1:06-cv-01730-MBS)

───────────────

Submitted:  February 5, 2008          Decided:  February 13, 2008

───────────────

Before MOTZ and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Kristina M. Anderson, ANDERSON & ANDERSON, LLP, Aiken, South Carolina; Herbert W. Louthian, Jr., LOUTHIAN LAW FIRM, PA, Columbia, South Carolina, for Appellants. Daniel B. White, W. Howard Boyd, Jr., Jennifer E. Johnson, Thomas E. Vanderbloemen, GALLIVAN, WHITE & BOYD, PA, Greenville, South Carolina, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frances A. Self and Sandra G. Gantt, individually and on behalf of others similarly situated (collectively "Self"), seek to appeal the district court's order dismissing their complaint against Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk"). We affirm the district court's judgment.

The standard of review of a Fed. R. Civ. P. 12(b)(6) dismissal is de novo. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). This court will construe factual allegations in the nonmoving party's favor and will treat them as true, id., but is "not so bound with respect to [the complaint's] legal conclusions." Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Under South Carolina law, "[a] cause of action for negligence requires: (1) the existence of a duty on the part of the

- 3 -

defendant to protect the plaintiff; (2) the failure of the defendant to discharge the duty; (3) injury to the plaintiff resulting from the defendant's failure to perform." South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 325 (S.C. 1986). The absence of any one of these elements renders the cause of action insufficient.

Because Norfolk owed no duty to Self or any of the class members that would warrant recovery for wages lost as the result of layoffs and terminations at the Avondale Mills facilities, we conclude that Self has failed to plead enough facts to state a claim that is plausible on its face. Id. Accordingly, we find that the court properly granted Norfolk's Rule 12(b)(6) motion to dismiss for failure to state a claim. We further deny Self's request to certify the issue of Norfolk's liability to the South Carolina Supreme Court because sufficient authority exists to determine that South Carolina requires a legal duty to impose tort liability. Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -