**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-1189**

---

INEZ SANDERS, individually and on behalf of all others
similarly situated; DOROTHY NEWSOME, individually and on
behalf of all others similarly situated; GARLAN HARPER,
individually and on behalf of all others similarly
situated,

             Plaintiffs - Appellants,

        and

JAMES WALL, individually and on behalf of all others
similarly situated; RITA HARPER, individually and on behalf
of all others similarly situated,

             Plaintiffs,

        v.

NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia Corporation,

             Defendant – Appellee,

        and

MIKE FORD; JAMES THORNTON,

             Defendants.

---

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:08-cv-02398-MBS)

---

Submitted:  October 15, 2010        Decided:  November 5, 2010

---

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry L. Goldberg, William R. Padget, FINKEL LAW FIRM, L.L.C., Columbia, South Carolina; Timothy J. Becker, ZIMMERMAN REED, PLLP, Minneapolis, Minnesota; Barry Reed, ZIMMERMAN REED, PLLP, Scottsdale, Arizona, for Appellants. Ronald K. Wray, II, Thomas E. Vanderbloemen, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina; Thomas E. Fox, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Inez Sanders, Dorothy Newsome, and Garlan Harper ("Appellants") appeal the district court's order dismissing their negligence, strict liability, and nuisance purported class actions against Norfolk Southern Railway Company ("Norfolk Southern"). Finding no error, we affirm.

In the early morning hours of January 5, 2005, a train belonging to Norfolk Southern collided with another train in Graniteville, South Carolina, causing a tank car carrying chlorine gas to rupture. The rupture allowed the chlorine gas to escape, and the resulting gas cloud killed several people and injured many others. For the rest of that morning, local media outlets reported on the danger posed by the gas cloud, and local emergency notification systems were activated advising residents of Graniteville to evacuate if they smelled chlorine. Finally, at 2:30 PM, some twelve hours after the initial gas release, the state issued a mandatory evacuation order for residents within one mile of the gas release, and issued a "shelter in place" and curfew order for residents within two miles of the crash site.

Appellants are individuals who live between two and five miles of the accident site, and were thus not subject to any evacuation or shelter-in-place order. They sued Norfolk Southern for the injuries that they allege stemmed from having

3

to evacuate or seal themselves inside their homes. The district court dismissed their claims, and this appeal followed.

On appeal, Appellants do not appear to challenge the district court's conclusions regarding their strict liability claims. Our review is confined to the court's treatment of Appellants' negligence and nuisance claims. This court reviews de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009).

To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Generally, when ruling on a Rule 12(b)(6) motion, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotes omitted).

4

## I.  Negligence

Under South Carolina law (which the parties agree applies to this appeal), "[a] cause of action for negligence requires:  (1) the existence of a duty on the part of the defendant to protect the plaintiff; (2) the failure of the defendant to discharge the duty; (3) injury to the plaintiff resulting from the defendant's failure to perform."  South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 325 (S.C. 1986).  "An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff."  Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003).  For a duty to exist, the parties must have a relationship recognized by law. "The concept of duty in tort liability must not be extended beyond reasonable limits."  Booz-Allen & Hamilton, Inc., 346 S.E.2d at 326.  If there is no duty, the defendant is entitled to judgment as a matter of law.  Huggins, 585 S.E.2d at 277 (citing Simmons v. Tuomey Reg'l Med. Ctr., 533 S.E.2d 312 (S.C. 2000)).

South Carolina law recognizes reasonable limitations on tort liability in negligence actions where the plaintiffs have suffered no personal injury and have no direct relationship with the tortfeasor.  See Hubbard & Felix, The South Carolina Law of Torts, 49 (3d Edition 2004) ("[A]s with emotional harm,

5

the economic loss of a tort can extend indefinitely. Thus, in order to avoid disproportionate liability, plaintiffs who suffer economic loss, but who have no direct physical injury and no direct relationship with the defendant, may not be able to recover."); see also Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303 (1927) (holding no right to recover for economic loss resulting from defendant's injury to a third party with whom plaintiff has contractual business relationship); Booz-Allen, 346 S.E.2d at 324 (holding no duty was owed to pilots and longshoremen whose work suffered as a result of a consultant's opinion that the Charleston port would not have as much traffic as Savannah); Edens & Avant Inv. Props., Inc. v. Amerada Hess Corp., 456 S.E.2d 406 (S.C. Ct. App. 1995) (holding no liability in negligence for plaintiff's out-of-pocket "development costs" allegedly lost as a result of defendant's pollution injury to property which plaintiff had option to purchase); cf. Willis v. Georgia N. Ry. Co., 314 S.E.2d 919, 919 (Ga. Ct. App. 1984) (holding no liability for the loss of eight days of work due to a train derailment).

We have reviewed the record, and we conclude that Appellants have failed to state a claim of negligence under South Carolina law because they cannot establish a legal duty owed to them by Norfolk Southern. While Appellants may have properly pled that their injuries were foreseeable,

6

foreseeability alone may not give rise to a duty under South Carolina law. See Booz-Allen, 346 S.E.2d at 325; Huggins, 585 S.E.2d at 277 (holding "[e]ven though it is foreseeable that injury may arise by the negligent issuance of a credit card, foreseeability alone does not give rise to duty"); Evans v. Rite Aid Corp., 452 S.E.2d 9, 12 (S.C. Ct. App. 1994) ("The mere fact that Evans's alleged injuries may have been foreseeable does not create a duty to prevent those injuries.").

Here, the only injuries alleged by Appellants are those directly related to their non-mandatory evacuation or temporary retreat to their homes. While these harms may have been foreseeable by Norfolk Southern, we agree with the district court that they are too remote to warrant a finding of legal duty.


## II. Nuisance

"A nuisance is a substantial and unreasonable interference with the plaintiff's use and enjoyment of his property." O'Cain v. O'Cain, 473 S.E.2d 460, 466 (S.C. Ct. App. 1996) (internal citations omitted). South Carolina courts recognize two types of nuisance claims: public and private. Appellants argue that the chlorine gas leak created both a public and a private nuisance and that they are entitled to relief under both theories.

7

A public nuisance exists where "acts or conditions are subversive of public order, decency, or morals, or constitute an obstruction of public rights." State v. Turner, 18 S.E.2d 372, 375 (S.C. 1942) (internal citations omitted). To prevail on a claim of public nuisance, a plaintiff must allege "direct and special damages . . . different in kind from what the public may sustain." Huggin v. Gaffney Dev. Co., 92 S.E.2d 883, 884 (S.C. 1956) (internal citation omitted). South Carolina law limits the injuries required to maintain a cause of action for public nuisance to "injury to the individual's real or personal property." Overcash v. South Carolina Elec. & Gas Co., 614 S.E.2d 619, 622 (S.C. 2005).

Here, Appellants did not allege in district court that their real or personal property was damaged by the chlorine gas released from the Norfolk Southern rail car. Accordingly, they cannot maintain an action for public nuisance, and the district court did not err in dismissing this claim.

Private nuisance, on the other hand, is "that class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property, personal or real." O'Cain, 473 S.E.2d at 461 (internal citation omitted). To maintain an action for private nuisance, a plaintiff must "demonstrate that the defendants unreasonably interfered with their ownership or possession" of the plaintiff's property. Id.

8

In addition to being unreasonable, the interference caused by a private nuisance must be substantial  Id.  A private nuisance claim must either allege a continuing event or act, or a single event that "produces a continuing result" or is "regularly repeated."  Gray v. Southern Facilities, Inc., 183 S.E.2d 438, 443 (S.C. 1971); see Green v. Blanton, 362 S.E.2d 179, 181 (S.C. Ct. App. 1987).

Gray is particularly pertinent to analysis of Appellants' claims.  In Gray, the South Carolina Supreme Court held that the accidental release of a large quantity of gasoline into a creek near the plaintiff's property was not a nuisance because the plaintiff alleged only "a single isolated act of negligence, not continuous or recurrent."  Gray, 183 S.E.2d at 443.  Like the plaintiff in Gray, Appellants have failed to show that the negligent release of chlorine gas, where such release was a singular event and did not continuously keep them out of their homes, constitutes a private nuisance under South Carolina law.

Because Appellants cannot state a claim for public or private nuisance, we conclude that the district court did not err in dismissing their nuisance complaint.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED