<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1482**

JOSEPH KAUFFMAN,

        Plaintiff – Appellant,

    v.

PARK PLACE HOSPITALITY GROUP, d/b/a Holiday Inn; RIVERVIEW
HOSPITALITY LLC,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Margaret B. Seymour, District
Judge.  (2:09-cv-01399-MBS)

Submitted:  February 21, 2012      Decided:  March 8, 2012

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Neil A. Morris, ARCHER & GREINER, P.C., Philadelphia,
Pennsylvania, for Appellant. Amanda Morgan Blundy, J. Bennett
Crites, III, MCANGUS GOUDELOCK & COURIE, LLC, Charleston, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Kauffman appeals the district court's orders granting Appellees' motion in limine and motion for summary judgment on Kauffman's negligence claim. Kauffman suffered a shoulder injury when he fell walking down a ramp at a Holiday Inn owned by Riverview Hospitality LLC and managed by Park Place Hospitality Group. On appeal, Kauffman argues that the district court erred in granting Appellees' motion to exclude an architect's testimony and in granting Appellees' motion for summary judgment. Finding no reversible error, we affirm.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir.), cert. denied, 132 S. Ct. 398 (2011). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a "reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under South Carolina law, "[a] cause of action for negligence requires: (1) the existence of a duty on the part of the defendant to protect the plaintiff; (2) the failure of the

2

defendant to discharge the duty; [and] (3) injury to the plaintiff resulting from the defendant's failure to perform." S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 325 (S.C. 1986). A property owner has a duty to exercise reasonable care for the safety of an invitee, who enters the property at the express or implied invitation of the owner. Sims v. Giles, 541 S.E.2d 857, 861-63 (S.C. Ct. App. 2001). Because we conclude that the 1955 International Building Code was the code applicable to the Holiday Inn at the time of Kauffman's fall, that code did not require handrail extensions, and Kauffman did not show that Appellees otherwise had a duty to alter the ramp's handrail, we hold that the district court did not err in finding that Appellees did not breach their duty to exercise reasonable care for Kauffman's safety.

We review a district court's evidentiary decisions for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). To be qualified as an expert pursuant to Federal Rule of Evidence 702, a witness "must have specialized knowledge that will assist the trier of fact, and the knowledge, skill, experience, training and education that qualifies [him] on the subject of [his] testimony." Id. at 294. Expert testimony is admissible if it will assist the trier of fact and (1) is "based on sufficient facts or data," (2) is "the product of reliable principles and methods," and (3) the principles and

3

methods have been applied reliably to the facts of the case. Fed. R. Evid. 702; see PBM Products, LLC v. Mead Johnson & Co., 639 F.3d 111, 123 (4th Cir. 2011). "The competency and qualifications required of expert witnesses is a matter committed to the broad discretion of the trial judge." Ludlow Corp. v. Textile Rubber & Chem. Co., 636 F.2d 1057, 1060 (5th Cir. 1981).

We conclude that Kauffman's proffered expert did not evince specialized knowledge, skill, experience, training, or education in the application of the building codes for which Kauffman intended to introduce his testimony. Accordingly, we hold that the district court did not abuse its broad discretion in granting Appellees' motion in limine.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED