<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-2254**

─────────────

DONALD H. HANSEN, Colonel, Individually and as personal
representative of the Estate of Deborah F. Hansen, Decedent;
Donald J. Hansen, Katherine M. Hansen,

Plaintiff - Appellant,

v.

ISUZU MOTORS LIMITED; AMERICAN ISUZU MOTORS, INCORPORATED;
ISUZU MOTORS AMERICA, INCORPORATED,

Defendants – Appellees.

─────────────

**No. 06-2255**

─────────────

DONALD H. HANSEN, Colonel, as Personal representative of the
Estate of Deborah F. Hansen, Decedent,

Plaintiff – Appellant,

v.

ISUZU MOTORS LIMITED; AMERICAN ISUZU MOTORS, INCORPORATED;
ISUZU MOTORS AMERICA, INCORPORATED,

Defendants – Appellees.

─────────────

Appeals from the United States District Court for the District of
South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior
District Judge. (3:00-cv-03912-MJP; 3:00-cv-03913)

Argued: March 19, 2008          Decided: August 12, 2008

Before MICHAEL and GREGORY, Circuit Judges, and Jane R. ROTH, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Charles Elford Carpenter, Jr., CARPENTER APPEALS AND TRIAL SUPPORT, L.L.C., Columbia, South Carolina, for Appellant. Julie A. Childress, O'HAGAN & SPENCER, L.L.P., Richmond, Virginia, for Appellees. **ON BRIEF:** Steven J. Pugh, RICHARDSON, PLOWDEN & ROBINSON, P.A., Columbia, South Carolina; Eric G. Fosmire, COLLINS & LACY, P.C., Columbia, South Carolina; John J. Johnson, Columbia, South Carolina, for Appellant. Christopher C. Spencer, O'HAGAN & SPENCER, L.L.P., Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Hansen ("Hansen") filed a lawsuit against Isuzu Motors Limited, American Isuzu Motors, and Isuzu Motors America ("Isuzu") on behalf of himself, his wife and children after Hansen's vehicle overturned while traveling on an interstate highway. The jury ruled in favor of Isuzu on all claims. Subsequently, Hansen sought a new trial which the district court denied. On appeal, Hansen contends that the district court erred. After thoroughly reviewing Hansen's assignments of error, we find that the district court did not commit error and we affirm the district court's decisions.

I.

Hansen filed this action against Isuzu after the family's 1994 Isuzu Trooper rolled over on an interstate highway in Laurens County, South Carolina, killing his wife, Deborah, and seriously injuring his children. Hansen asserted several causes of action including breach of warranty, strict liability, negligent misrepresentation and negligence. The jury ruled in favor of Isuzu on all claims. Hansen filed several post-trial motions including a Motion for New Trial, a Motion to Alter or Amend the Judgments, and a Motion for Relief from Judgments, asserting, *inter alia*, that the district court erred: (1) by instructing the jury that Hansen must prove that Isuzu acted in a "reckless, willful, or wanton manner" to recover for simple negligence; (2) by failing to admit into

evidence certain post-sale materials sent by Isuzu to Hansen subsequent to his purchase of his 1994 Isuzu Trooper regarding the purported safety, handling and stability of Isuzu Troopers; and (3) by failing to either admit into evidence prior notifications to Isuzu by Isuzu Trooper owners or operators of tip-ups or rollovers of 1992, 1993, and 1994 Isuzu Troopers or instructing the jury that Isuzu was on notice of such claims. The district court ultimately denied Hansen's three motions. Hansen timely appealed.

## II.

On appeal, Hansen contends that the district court erred: (1) by instructing the jury that Hansen must prove that Isuzu acted in a "reckless, willful, or wanton manner" to recover for simple negligence requiring that appellants prove a higher burden than negligence; (2) by ruling that under South Carolina law, negligent misrepresentation is only actionable where the representations induced Hansen to enter into a contract or transaction; (3) by failing to admit into evidence certain post-sale materials, which discussed the safety, handling and stability of Isuzu Troopers, sent by Isuzu to Hansen subsequent to his purchase of his 1994 Isuzu Trooper. We address each of Hansen's claims below *seriatim*.

A.

Hansen argues that he is entitled to a new trial because the district court erroneously instructed the jury to consider whether Hansen had proved Isuzu designed, manufactured, or marketed the Isuzu Trooper in a "reckless, willful, or wanton manner," consequently holding Hansen to a higher burden of proof than required under South Carolina law for proving simple negligence. In response, Isuzu argues that Hansen failed to timely object to the jury charge as required by Federal Rules of Civil Procedure Rule 51. Furthermore, Isuzu contends that any error did not affect Hansen's substantial rights or the fairness, integrity or public reputation of the judicial proceeding. Finally, Isuzu requests that we not exercise our discretion under Rule 51 to correct any error not timely objected to by Hansen. In the alternative, Isuzu argues that if the district court erred in using the words "reckless, willful or wanton" during the jury charge, the error was harmless and did not prejudice Hansen's case.

We apply an abuse of discretion standard when reviewing jury instructions that have been properly and contemporaneously objected to at the trial court level. See Johnson v. MBNA America Bank, NA, 357 F.3d 426, 432 (4th Cir. 2004). The test of adequacy of instructions properly challenged on appeal is not one of technical accuracy in every detail. See Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987). Rather, "it is simply the practical one of

whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. "Even when jury instructions are flawed, there can be no reversal unless the error seriously prejudiced the plaintiff's case." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1296 (4th Cir. 1987).

If we determine, as Isuzu contends, that Hansen did not make a proper contemporaneous objection, as required by Rule 51, then the applicable standard of review is plain error. See Fed. R. Civ. P. 51(d)(2); Spell, 824 F.2d at 1398-99. "A court may consider a plain error in the instructions affecting substantial rights that has not been preserved as required by Rule 51(d)(1)(A) or (b)." Fed. R. Civ. P. 51(d)(2). Under the plain error standard of review, we may only exercise our discretion to correct an error, if we: (1) find error; (2) find the error was plain; (3) find the error affected the substantial rights of the parties alleging the error; and (4) after examining the particulars of the case, find the error seriously affected the fairness, integrity or public reputation of judicial proceedings. In re Celotex Corp., 124 F.3d 613, 630-31 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 730 (1993)).

After reviewing the record, we find that the district court did not err. In a lengthy explanation, the district court defined

negligence as the failure to exercise ordinary care. "Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves, their property or to the persons or property of others." The district court made clear that in order to prove the essential elements of Hansen's claim that Isuzu was negligent, Hansen must establish by a preponderance of the evidence the following:

> First, that the defendants were negligent in one or more of the particulars alleged;

> Second, and not necessarily in the order in which I am setting them forth, that plaintiff suffered some injury or damage;

> Third, that there is a connection between the two... That the plaintiff's injury or damage was proximately caused by the defendant's negligent act.

The district court explained the meaning of "proximate cause," stating "it is the cause without which the injury or damage would not have occurred." After stating the forgoing standard instruction on "negligence," the district court read to the jury instructions on negligence as proposed by the parties which included the terms "reckless," "willful" and "wanton."[1] Thus, in reading from a proposed instruction submitted by the parties, the district court stated that "it's incumbent upon the Plaintiff to

_____

[1]The district court gave over 1800 lines of jury instructions with the concern portion of the jury instruction consisting of less

prove that the Defendants were negligent <u>or</u> reckless, willful and wanton in one or more of the particulars alleged in the complaint."

Hansen argues that by including the terms "reckless," "willful," and "wanton" in the instructions when explaining the plaintiff's burden of proof with respect to the contention that the defendants were "negligent," the district court committed error because the terms "reckless," "willful" and "wanton" suggest a greater level of culpability by the tortfeasor which, if proven by clear and convincing evidence, renders appropriate a verdict including punitive damages.

After initially reading its standard jury instructions on "negligence," the district court read Hansen's Request to Charge Number 3 regarding wrongful death which included the words "reckless," "willful" and "wanton." These words were also included in Isuzu's Request to Charge Number 4. Upon completion of the instructions, neither Hansen nor Isuzu objected to the inclusion of those words in the charge. After the charge was delivered but before the case was given to the jury, the district court twice inquired as to whether the parties had any objections. Hansen made some objections but none pertaining to the inclusion of the additional words. Hansen never mentioned the words "reckless," "willful" or "wanton." After deliberating for several hours, the

than six lines.

jury sent a note with questions about negligence. The district court met with the parties to discuss how to respond. The district court decided to recharge the jury with the same jury instructions the following morning. After the jury began deliberating again, Hansen raised his concern about the inclusion of the words "reckless, willful or wanton." While the parties were discussing the matter, the jury returned with a verdict for Isuzu on all counts.

Based on a careful review of the jury instructions, we hold the district court did not err. The district court made very clear that the plaintiff only had to meet the burden of proving negligence. The district court also provided an excellent explanation of the relevant standard for negligence. The court then instructed the jury that the plaintiff is entitled to recovery if the plaintiff proved negligence or if the plaintiff showed that the defendant was "reckless, willful or wanton." This merely meant that the plaintiff recovers if he proves the negligence or the higher standard. Furthermore, we have held that instructions are sufficient if "construed as a whole, and in light of the whole record, [they] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987). We believe the district court's instructions easily meet this standard.

Even if the district court's instructions were flawed, we would review this issue under our plain error standard because Hansen failed to make a timely objection.[2] We do not believe the inclusion of the alternative way in which the plaintiff may recover prejudiced Hansen's case.

Furthermore, the jury ruled in Isuzu's favor on all claims, including strict liability. Because the jury ruled in favor of Isuzu for strict liability, and because the negligence claim was essentially the same claim[3], the error, if there was error, was necessarily harmless because the jury had already decided that the Hansen's Trooper was not defective or unreasonably dangerous when it was placed in the stream of commerce.[4] The burden of proof for

_____

[2]If the plaintiff had asked the district court to eliminate the additional alternatives before the jury retired to consider the verdict, which should be noted gave the jury more ways, not fewer, to find for the plaintiff, the plaintiff's concerns over the use of the terms "reckless," "willful" and "wanton," could have been addressed. However, the plaintiff failed to do so. We have stated that "no party may assign as error the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider the verdict." Federal Rule of Civil Procedure 51; City of Richmond v. Madison Management Group, et al, 918 F.2d 438, 453 (4th Cir. 1990).

[3]In both his strict liability claim and simple negligence claim, Hansen alleged that his 1994 Isuzu Trooper as designed, manufactured, assembled and sold by Isuzu posed an unreasonable risk of causing injury to the users of the vehicle when used for its intended and foreseeable purposes.

[4]Manufacturers are expected to design their vehicles to account for accidents because accidents are frequent and a part of regular use of a vehicle. As a result vehicles are expected to perform reasonably under such conditions.

strict liability is lower than the burden of proof under negligence. Thus if plaintiff could not meet the lower standard, then it is clearly unreasonable to believe that he could have met the burden for his negligence claim. Thus, if the jury had ruled in favor of Hansen on the negligence claim, their verdicts would have been inconsistent. Therefore, we conclude that any error with the jury instructions was necessarily harmless as the jury had already determined that the plaintiff could not meet his lower burden under strict liability.

## B.

Hansen purchased his 1994 Isuzu Trooper prior to receiving allegedly misleading material from Isuzu upon which he detrimentally relied. Hansen contends the district court erred when it concluded that South Carolina law requires that the false or misleading representation induced the plaintiff to enter into a contract or business transaction. Hansen argues that under South Carolina law, the essential elements of a negligent misrepresentation claim are: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to

exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation. See, e.g., Redwend Ltd. P'ship v. Edwards, 581 S.E.2d 496, 504 (S.C. Ct. App. 2003). Hansen further contends that recovery of damages for the tort of negligent misrepresentation "'may be predicated upon a negligently made false statement where a party suffers either injury or loss as a consequence of relying upon the misrepresentation.'" Id. at 504.

However, this Court has previously concluded that to prove a claim for negligent misrepresentation under South Carolina law, the plaintiff must establish that "(1) the defendant negligently made a false statement, (2) the plaintiff suffered an injury or loss as a consequence of relying on the misrepresentation, and (3) the misrepresentation induced the plaintiff to enter into a contract or business transaction." Jiminez v. DaimlerChrysler Corp., 269 F.3d 439, 447 (4th Cir. 2001) (citing Evans v. Rite Aid Corp., 478 S.E.2d 846, 848 (S.C. 1996)) (emphasis added). In Armstrong v. Collins, 621 S.E.2d 368, 376 (S.C. Ct. App. 2005), the South Carolina Court of Appeals stated "[a] claim for negligent misrepresentation may be made when the misrepresented facts induced the plaintiff to enter a contract or business transaction." In Jiminez, we interpreted South Carolina law to mean that a claim can be made only if it induced the plaintiff into a contract or

business transaction. 269 F.3d at 439. Thus, the district court did not misinterpret South Carolina law.

C.

Finally, Hansen contends the district court erred when it excluded a post-sale brochure Isuzu sent to numerous Isuzu consumers, including Hansen. This Court reviews evidentiary rulings for abuse of discretion. United States v. Hill, 322 F.3d 301, 304 (4th Cir. 2003). In ruling on the admissibility or exclusion of evidence, a district court has broad latitude. See Bryte ex rel. Bryte v. Am. Household, Inc., 429 F.3d 469, 475 (4th Cir. 2005). Therefore, we accord the district court's evidentiary rulings substantial deference. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994), cert. denied, 513 U.S. 979 (1994); United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). A district court abuses its discretion if it acts arbitrarily or irrationally, see Hill, 322 F.3d at 304, or if its conclusions are guided by "erroneous legal principles" or rest upon a "clearly erroneous factual finding." See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999).

The brochure entitled "The Truth About Trooper" responded to Consumers Union's critique of the 1995-1996 Isuzu Trooper's safety. Hansen wanted to include the evidence to support his claim for negligent misrepresentation, but because the brochure dealt

specifically with the 1995-1996 Isuzu Trooper and not the 1994 Isuzu Trooper, which Hansen owned and which had been previously recommended by Consumers Union, the district court excluded the evidence. We conclude that the district court did not abuse its discretion. Moreover, the district court permitted the admission of another brochure entitled "An Overview of Isuzu Motors Limited's Handling & Stability Design Philosophy" that Isuzu sent to Isuzu customers, including Hansen. That brochure provided essentially the same information as that contained in the excluded brochure. Given the aforementioned, the district court's decision was neither arbitrary nor irrational.

## III.

For the foregoing reasons, we affirm the district court's decisions.

AFFIRMED